Bever v. North.

Filed Oct. 6, 1886.

No. 12,608.

BEVER v. NORTH.

DEED.—*Acknowledgment.*—An acknowledgment is necessary to entitle a deed to go upon record, but is not essential to give it effect as between the parties.

REAL ESTATE.—*Grantor and Grantee.*—*Covenant of Warranty.*—*Action by Third Person for Possession.*—*Notice to Grantor to Defend.*—Where an action to recover possession of land is brought by one claiming to be the owner, and the grantor is notified of the action by his grantee, he will be bound by the judgment which results.

Bever *v.* North.

SAME.—*Eviction.—Appeal.*—Where a judgment of eviction is rendered against the grantee, it is not his duty to appeal, but he may yield possession and sue upon the covenants in his deed.

SAME.— *Wife's Interest an Estate, and not Mere Encumbrance.*—In this State the wife's interest in the real estate of her husband is not an encumbrance, but an estate in the land itself.

SAME.—*Operation of Deed can not be Defeated by Parol.*—In an action against a grantor on the covenant of warranty, an answer that the plaintiff contracted for the land subject to the interest of the wife of a previous owner in one-third thereof, and that he agreed to assume and pay off the encumbrance created by her estate, is bad, as a grantor can not, by parol, defeat the operation of his deed.

PLEADING.—*Opening Issues for Additional Pleadings.—Discretion of Trial Court.*—The opening of the issues for the purpose of filing additional pleadings is to a great extent discretionary with the trial court, and an abuse of discretion must be shown to justify a reversal of the judgment.

From the Fountain Circuit Court.

*J. McCabe* and *C. M. McCabe,* for appellant.

*T. F. Davidson,* for appellee.

ELLIOTT, J.—The appellee's complaint counts on a deed containing full covenants of warranty, and charges that the covenants were broken by an entire failure of title as to part of the land.

There is no merit in the appellant's contention, that a deed is not valid unless acknowledged before some officer authorized to take acknowledgments. An acknowledgment is essential to entitle a deed to go upon record, but it is not essential to give effect to the deed as between the parties.

Where an action to recover possession of land is brought by one claiming to be the owner, and the grantee duly notifies his grantor of the action, the latter will be bound by the judgment in which the action results.

It is an ancient rule that if the grantor is called upon to defend he must successfully do so, or else the judgment will conclusively establish the fact that there was a breach of the covenants of the deed. *Morgan* v. *Muldoon,* 89 Ind. 347, and authorities cited.

VOL. 107.—35

The complaint shows that an action was brought; that the appellant was duly notified to defend, and that a judgment of eviction was rendered, under which appellee yielded possession. There can be no doubt that the appellee was evicted, and that a clear right of action accrued to him for a breach of covenant. It was not the appellee's duty to appeal from the judgment of eviction, but he had a right to yield to it and sue upon the covenants in his deed. It is, indeed, not necessary for the complaint in an action for a breach of covenant to so fully plead the facts as does the one before us, for it is enough if a judgment and an eviction under it are shown without averring that the covenantor was required to defend. *McClure* v. *McClure*, 65 Ind. 482; *Wilber* v. *Buchanan*, 85 Ind. 42; *Wright* v. *Nipple*, 92 Ind. 310.

The allegations of the first paragraph of the answer are substantially these: That the appellant was the owner of the land described in the deed, subject to the rights of the wife of James Williams to one-third thereof; that the appellee knew of the interest of the wife of Williams; that he contracted for the land subject to her claim, and that he agreed to assume and pay off the encumbrance created by her estate. The court did right in adjudging this answer bad. A grantor can not contradict the terms of a deed by parol evidence, for the general rule is, that all preliminary negotiations are merged in the deed. *Phillbrook* v. *Emswiler*, 92 Ind. 590, and authorities cited; *Ice* v. *Ball*, 102 Ind. 42.

There is, it is true, an exception to this general rule, as well established as the rule itself, and that exception is, that parol evidence is admissible to prove the true consideration of a deed, except, perhaps, where the deed itself states the consideration fully and specifically. *Hays* v. *Peck*, ante, p. 389; *McDill* v. *Gunn*, 43 Ind. 315; *Carver* v. *Louthain*, 38 Ind. 530; *Pitman* v. *Conner*, 27 Ind. 337; *Allen* v. *Lee*, 1 Ind. 58. But the exception to the general rule does not permit the introduction of parol evidence to defeat the operation of the deed by rendering nugatory the words of convey-

ance which it contains, and a grantor can not, under the guise of proving the consideration of a deed, prove that it was not to operate as a conveyance. To allow this to be done would be to render ineffective one of the most important parts of the deed; it would, in truth, be to permit the utter destruction of the deed as an instrument of conveyance. This the law will not allow. The principle which governs this case was thus stated by the court in *Beach* v. *Packard*, 10 Vt. 96 : " Parol evidence can not be admitted to vary, contradict, add to or control a deed or written contract. The deed of bargain and sale, between these parties, had for its object the conveyance of certain land ; and the extent of the land conveyed, the parties thereto, the estate conveyed thereby, and the covenants attending it, could not be affected by parol proof; and even that part, which relates to the consideration, or the payment thereof, could not be contradicted or varied, by parol, so as in any way to affect the purpose of the deed, that is, its operation as a conveyance."

It was said by the court in *Morse* v. *Shattuck*, 4 N. H. 229 : " It is perfectly well settled that a consideration expressed in a deed can not be disproved, for the purpose of defeating the conveyance, unless it be on the ground of fraud."

This doctrine is sustained by many cases, among them *Grout* v. *Townsend*, 2 Denio, 336 ; *Belden* v. *Seymour*, 8 Conn. 304 ; *McCrea* v. *Purmort*, 16 Wend. 460, 473 ; *Hurns* v. *Soper*, 6 Harr. & J. 276. This principle is a very ancient one. 1 Sheppard Touchstone, 222. It would, indeed, be strange, if the grantor were permitted to aver that he did not convey what he assumed in express terms to convey, and the law gives no recognition to such a doctrine.

The estate of a wife under our statute is more than a right of dower, for it is paramount to the estate of one claiming through her husband, and sweeps entirely away all title of the purchaser to the one-third interest given her by the statute. The estate of the wife is not a mere encumbrance, but is an interest in the land which goes beneath the title acquired

by a purchaser from her husband. *Mark* v. *Murphy*, 76 Ind. 534. When the rights of the wife prevail, the title of the purchaser from the husband disappears. If this title does disappear, then, of course, the purchaser had no title which he could convey, and he can not be permitted to aver, as against his grantee, that it was part of the consideration of the deed that the grantee should not acquire title to the land owned by the wife of a former owner unless he paid her for it. We can not regard the interest of the wife as an encumbrance, for it is an estate in the land itself. We can not regard the estate of the wife as a mere right of dower, for there is no reversionary interest in the party who claims through the husband. The title of the wife, when it vests, is absolute as against a grantee of the husband, so that it does not merely encumber the land, but tears up the title from the very roots. It is not like the lease of a life-estate, for there the reversion is in the lessor, and he succeeds to the fee upon the determination of the life-estate. Here the fee never vests in the grantee of the husband. We can not, therefore, regard as of controlling force the authorities which hold dower rights and life-estates to be mere encumbrances.

After the issues were closed, and on the day the cause was set down for trial, the appellant asked leave to file a cross complaint, but the court refused to grant it. We can not reverse the judgment on this ruling. The matter of permitting the opening of the issues for the purpose of filing additional pleadings is to a great extent a matter of discretion, and we can not interfere with its exercise. It is only where it is made to appear that there was an abuse of discretion, that we can reverse the judgment of the trial court, and there is nothing in the record, in the form of affidavits or otherwise, that shows any abuse of the discretionary powers of the trial court.

Judgment affirmed.

Filed Oct. 5, 1886.