Ayres *et al. v.* Randall *et al.*

Filed Dec. 23, 1886.

---

No. 12,757.

## AYRES ET AL. *v.* RANDALL ET AL.

VENDOR AND PURCHASER.—*Assumption of Debt.—Agreement to Pay Encumbrance.—Enforcement by Creditor.—Equity.*—Where a purchaser assumes the payment of a debt owing by his vendor to a third person, or expressly agrees to pay an encumbrance on the land, out of the purchase-money, such agreement inures to the benefit of the creditor, and may be enforced in equity.

SAME.—*Mortgage.*—An agreement between the vendor and purchaser of real estate, in which it is recited that there is a mortgage on the property which the former claims is paid, and which he agrees to have satisfied of record within one year, failing in which the grantee may pay the same out of purchase-money still owing by him, is not such an assumption of the mortgage debt, or such an agreement to pay it, as entitles the mortgagee to maintain an action thereon.

From the Allen Superior Court.

*R. S. Robertson,* for appellants.

*P. A. Randall* and *W. J. Vesey,* for appellees.

MITCHELL, J.—The following statement sufficiently indicates the questions presented for decision :

On the 7th day of August, 1880, Joseph McCreary and wife conveyed certain real estate in the city of Fort Wayne, to Mary C. Swayne, by deed of general warranty. To secure part of the purchase-price, Mrs. Swayne and her husband executed a note for $300, payable to McCreary in one year, and secured it by a mortgage on the real estate conveyed. This note, which was not payable in bank, was assigned to the appellants, Ayres and Steel, September 1st, 1880. The

mortgagors afterwards, on the 21st day of March, 1881, con-
veyed the mortgaged premises to Perry A. Randall, by deed
containing a special warranty.   No mention of the McCreary
mortgage was made in this latter deed, and the grantee did
not assume its payment.   Subsequently, Ayres and Steel
commenced suit against Randall and wife to foreclose the
mortgage.

Randall and wife answered in two paragraphs, in which
they alleged, in substance, that at the time the warranty deed
was made by McCreary to Mrs. Swayne, the lot thereby con-
veyed was subject to certain liens or charges against the es-
tate of one John Cartwright, who owned the lot at the time
of his death, and whose estate remained unsettled.   They
alleged that it was agreed between McCreary and Mrs. Swayne,
at the time the note and mortgage in suit were executed, that
whatever sums, if any, she should thereafter be called upon
to pay to the administrator of Cartwright's estate, in order to
disencumber the lot from the debts owing by the estate,
should be applied to the discharge of the note.   It was aver-
red that Mrs. Swayne had been obliged to pay a sum in ex-
cess of the amount due on the note, and that the note was,
therefore, paid.

Pending the foreclosure suit, Randall and wife conveyed
the lot by warranty deed to John Humble.   At the time the
conveyance was made Randall executed to Humble the fol-
lowing agreement:

"This writing witnesseth, that Perry A. Randall and wife
have this day sold and conveyed by warranty deed lot 59,
in Williams' addition to the city of Fort Wayne, Indiana,
to John Humble, for the sum of $1,350; and whereas,
said Humble has paid down the sum of $800, and has exe-
cuted his notes for $550, payable $200 on or before one year;
$200 on or before two years; $150 on or before three years,
secured by mortgage on said property; and whereas, there is
a mortgage of $300 on said property, executed by Samuel F.
and Mary C. Swayne to Joseph McCreary, which the said

Randall claims is paid, and the said Randall agrees with said Humble, that he will cause said $300 mortgage to be satisfied of record within a year from this date, and in case he does not, then said Humble may pay and discharge the same and retain the same out of the said sum of $550, represented by said three notes secured by said mortgage, and he is not to pay any money on said sum of $550 until the said $300 mortgage is fully paid and satisfied. This writing is executed simultaneously with said notes and is a part of the same. Any sum said Humble pays in discharge of said $300 mortgage, shall be considered a payment on said three notes.

"December 2, 1881. (Signed) PERRY A. RANDALL."

On the 9th day of June, 1882, demurrers were overruled to the answers of Randall and wife in the foreclosure suit, and thereupon the plaintiffs in that case refusing to plead further, judgment was given that they take nothing by their suit, and that the defendants recover their costs. Within one year from the rendition of this judgment, the proceeding set out in the record now before us was commenced.

A complaint consisting of three paragraphs was filed. The first paragraph was a complaint for a new trial of the foreclosure suit above referred to, on the ground of newly discovered evidence material to the issues therein. The material evidence alleged to have been discovered since the rendition of the judgment was the agreement between Randall and Humble above set out.

The second paragraph set out substantially the same facts as the first, except that the discovery of the agreement referred to is alleged to be material new matter, upon which a review of the former judgment is claimed. The pleadings, proceedings and judgment in the foreclosure suit are made part of this paragraph.

The third paragraph is in the nature of an independent action against Randall and wife, and Humble and wife, and is apparently predicated on the agreement above recited, a copy of which is annexed to the third paragraph as an exibit. This

paragraph recites the execution of the note and mortgage to
McCreary, the assignment to the appellants, the institution
of the suit to foreclose the mortgage, the conveyance by Randall to Humble pending the suit, the execution of the agreement between Randall and Humble, and that the appellants
gave notice that they accepted the provisions of that contract.
The plaintiffs pray judgment that Humble be required to
pay the sum of four hundred dollars due them on their mortgage debt, and that a lien be declared in their favor on the
mortgaged premises.

A demurrer was sustained to the complaint, and from this
ruling the case is brought here on appeal.

The appellants' argument in support of each paragraph of
their complaint proceeds upon the theory that the agreement
between Randall and Humble inured to their, appellants',
benefit. They seek to assimilate the agreement to an assumption by a purchaser of an encumbrance upon the land purchased. They argue that in such a case the purchaser becomes the principal debtor, and personally liable for the debt,
the payment of which he has assumed as part of the purchase-price.

The principle contended for is well established. Its application is confined to cases in which there is an agreement to
pay a recognized encumbrance. It has no application under
an agreement such as is here counted on. This agreement
recites upon its face that one of the parties to it denied the
existence of any debt to the appellants; that he claimed that
it was paid off.

We agree that where a purchaser assumes the payment of
a debt owing by his vendor to a third person, or where he
expressly and in terms agrees to pay off an encumbrance on
the land purchased, out of the purchase-price, such agreement inures to the benefit of the creditor, and may be enforced
in equity.

The infirmity in the appellants' theory is, the agreement
set out does not support their claim. It contains no agree-

ment to pay. It goes upon the theory that the appellants' debt has already been paid. That the agreement stipulates, in case Randall should fail to secure the release of the mortgage within a year, Humble might pay it, was for the benefit of the latter, and not to provide for the payment of the mortgage as a subsisting debt. Before the expiration of a year it was adjudged that the mortgage was paid, as is shown by the record. This judgment was as effectual to discharge the mortgage as though it had been expressly adjudged that the mortgage should be cancelled.

Without considering the paragraphs of the complaint in detail, it is sufficient to say, the agreement which the appellants have discovered, and upon which the sufficiency of the several paragraphs depends, contains nothing upon which they can predicate a right to the relief asked, in either paragraph of the complaint.

The judgment is affirmed, with costs.

Filed Dec. 21, 1886.