Filed Feb. 16, 1892.

---

### No. 381.

### MARIS ET UX. *v.* ILES, ADMINISTRATOR.

CONVEYANCE.—*Breach of Covenant of Warranty.*—*Encumbrance.*—*Permanent Easement.*—*Grantee's Knowledge of.*—It is well settled in this State that knowledge by the grantee of the existence of an encumbrance does not take it out of the operation of an express covenant against encumbrances. This is true where the encumbrance is in the nature of a permanent public easement, entirely beyond the power of the covenantor to cancel or remove.

Maris *et ux.* v. Iles, Administrator.

SAME.—*Railroad Right of Way.*—*Deed of General Warranty.*—*Explanation of Consideration.*—If one buys land encumbered by a railroad right of way, and takes a deed of general warranty therefor without excepting the encumbrance, it may be proven that the price paid was what the parties agreed upon as the purchase-price, subject to the encumbrance. It affects the consideration only, and this may always be inquired into except to the extent to which it affects the validity of the conveyance.

From the Clinton Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge, B. C. Moon, S. O. Bayless* and *C. G. Guenther,* for appellants.

*J. Cooper, R. W. Irwin* and *J. V. Kent,* for appellee.

CRUMPACKER, J.—This action was commenced by Stephen B. Iles, as administrator of the estate of Martha Iles, his deceased wife, against George Maris and Martha Maris, his wife, for the alleged breach of the covenant against encumbrances contained in a deed of general warranty, executed by the defendants, conveying to the decedent a tract of land in Howard county.

It is alleged in the complaint that the defendants were husband and wife, and on the 14th day of November, 1844, they conveyed to the decedent thirty-three acres off the south end of a certain eighty-acre tract of land in Howard county, by a general warranty deed, a copy of which was filed with and made part of the complaint, whereby they covenanted and agreed that said land was free and clear of encumbrances, excepting a certain mortgage lien for five hundred dollars, expressly mentioned in the deed, and which the grantee assumed; that in fact, at the time of the execution of said deed, said land was encumbered by the right of way of the Toledo, Cincinnati and St. Louis Railroad, which was one hundred feet wide, and extended entirely across said tract, and constituted a permanent easement thereon.

Wherefore plaintiff asked judgment for one thousand dollars.

George Maris answered separately.

1. That the deed was given without any consideration.

2. That he was the owner of the tract of land described in the complaint, subject to the right of way of said railroad, and he sold it to the plaintiff's decedent subject to such right of way, and it was expressly agreed between the parties that the grantee should take the land subject thereto, and that she did not pay anything for the land covered by said easement; that said railroad company was in the exclusive possession and control of said right of way, and was operating a railroad thereon, which was well known to the grantee at the time of the purchase; that, by mutual mistake and inadvertence of the parties, and the negligence of the notary public who prepared the deed, they omitted to except the right of way from the conveyance.

Wherefore he asked judgment for his costs.

Martha Maris answered that the land belonged to her husband, and she signed the deed simply to release her inchoate interest therein, and that she received none of the purchase-money.

The issues were closed by a reply of the general denial, and the cause was tried by the court who, upon proper request, found the facts specially.

The finding shows, in brief, the execution of the deed as set out in the complaint, the consideration being $2,310; that at the time of the conveyance the Toledo, Cincinnati and St. Louis Railroad Company had a right of way, one hundred feet wide, across said real estate, and was openly using and occupying the same in the operation of a railroad thereon; that the grantee had full notice of the existence of such right of way at the time of and before the purchase; that said right of way was a permanent easement, and constituted an encumbrance upon said real estate; that Martha Maris was the wife of her co-defendant, and signed the deed simply to release her inchoate interest in the land, which stood in the name of her husband.

It was further found that there was no " mutual mistake" in the terms of said deed, but that it expressed the intention

of the *grantee,* and that the real estate was worth $825 less by reason of the encumbrance.

The court concluded that the plaintiff should recover the amount of the damages, and judgment was rendered accordingly against both defendants.

The defendants filed a motion for a new trial, assigning a number of reasons, which was overruled, and this ruling of the court is assigned as error.

It was shown by the evidence that Stephen B. Iles, the appellee, acted as the agent of his deceased wife in making the purchase of the real estate. He owned the balance of the eighty-acre tract, of which the land in question was a part, and he had full knowledge of the existence of the right of way and its occupancy by the railroad at the time of the purchase, and had known it for years before. All of the purchase-money was paid at the time of the execution of the deed, except the five hundred dollar mortgage, which the grantee expressly assumed and agreed to pay, and nothing whatever was said between the parties respecting the *release* of the land from the easement, or the *re-imbursement* of the grantee for the damages occasioned by its existence. In fact, the evidence does not show that the subject was ever mentioned until the commencement of the suit, about five years after the execution of the deed.

According to the average of the estimates of appellee's witnesses the land would have been worth $2,640 without the easement, no witness estimating its value in that condition as low as the sum paid for it.

It was testified on behalf of appellants that the agreement was that the decedent should take the land, subject to the right of way of the railroad, at $2,310, out of which she was to pay the mortgage encumbrance mentioned; that the damages occasioned by the right of way were deducted from the purchase-price.

The notary public, who wrote the deed, testified that he suggested to the appellee that the right of way of the rail-

road ought to be excepted from the conveyance, but that the latter replied that he would prefer not to have it so written, as he knew all about the railroad, and it would make no difference.

Appellee testified that there was nothing said about the grantee taking the land subject to the right of way, but that the offer was to sell it for seventy dollars an acre, and that such offer was accepted. He denied the testimony of the notary respecting the conversation about excepting the right of way in the deed. He admitted that he knew all about the right of way, and did not intimate whether, as a matter of fact, the purchase of the land was subject thereto or not.

If the second paragraph of the answer of George Maris proceeds upon the theory of a mutual mistake in the execution of the deed, and seeks a reformation thereof, the judgment as against him should be affirmed, for it is obvious that there was no *mutual* mistake in the *terms* of the instrument. The parties may have mistaken its legal effect, but this would furnish no ground for relief.

While the second paragraph of answer declares that a mistake occurred in writing the deed, it does not ask a correction of the alleged mistake. It does not seem to have any well defined theory, entirely free from doubt and obscurity, but, considering it as a whole, the *gravamen* seems to be that the grantee purchased the land subject to the encumbrance complained of, and the purchase-price was fixed upon that basis.

The legal effect of this interpretation is that the damages occasioned by the right of way were considered and deducted in fixing the purchase-price. There is no question that an easement, though permanent, and the enjoyment of which wholly deprives the owner of the servient estate of any beneficial use of the property, is but an encumbrance, and does not disturb the technical seizin. Rawle Covenants (5th ed.), section 59.

It is well settled in this State that knowledge by the

grantee of the existence of an encumbrance does not take it out of the operation of an express covenant against encumbrances. This is true where the encumbrance is in the nature of a permanent public easement, entirely beyond the power of the covenantor to cancel or remove. *Quick* v. *Taylor,* 113 Ind. 540; *Burk* v. *Hill,* 48 Ind. 52.

It is equally well settled that a deed is not conclusive upon the question of consideration, except so far as the consideration may affect its validity as an instrument of conveyance. Under a deed of general warranty it may be established by parol that the grantee undertook to pay any particular lien, or discharge any encumbrance as part of the consideration, where the deed is silent upon the subject. There is some conflict over this rule in other States, but it can not be regarded as a debatable question in this State. *Bever* v. *North,* 107 Ind. 544; *Hays* v. *Peck,* 107 Ind. 389; *McDill* v. *Gunn,* 43 Ind. 315; *Carver* v. *Louthain,* 38 Ind. 530; *Pea* v. *Pea,* 35 Ind. 387; *Fitzer* v. *Fitzer,* 29 Ind. 468; *Pitman* v. *Conner,* 27 Ind. 337; *Allen* v. *Lee,* 1 Ind. 58.

This being the rule, it follows, by force of the same logic, that it may also be shown, where the encumbrance is a permanent easement, incapable of being removed, the parties estimated the damages occasioned by its presence, and subtracted such damages from the purchase-price. There is as much reason for the one as the other. Both are governed by precisely the same principles. If one buys land encumbered by a railroad right of way, and takes a deed of general warranty therefor, without excepting the encumbrance, it may be proven that the price paid was what the parties agreed upon as the purchase-price, subject to the encumbrance. Thus the grantee would be allowed his own estimate of the damages occasioned by the easement. If the deed were held to conclude the parties and enable the grantee to recover for the breach of the covenant, he would have two recoveries for the same damages. This can not be under the rule in this State.

In the case before us, if the grantee purchased the land subject to the right of way, and paid the price agreed upon with that understanding, she was paid for the damages in the original transaction, and she can not again recover for the same damages. In this view it is quite immaterial whether there was a mistake or not in omitting to except the right of way from the conveyance. It affects the consideration only, and this may always be enquired into except to the extent to which it affects the validity of the conveyance. If the grant to the railroad had been for the fee, the covenants of title and seizin would have been involved, and parol evidence would not have been admissible to show that the land was actually excepted by the conveyance. But another rule applies to encumbrances. *Bever* v. *North, supra.*

There was evidence tending very strongly to prove that the land in question was purchased subject to the right of way of the railroad, and the purchase-price fixed accordingly. There was no finding upon this question, as the court evidently acted upon the theory that the defence was based upon an alleged mistake in the terms of the deed. This, as we have seen, was erroneous.

The judgment is reversed, with instructions to grant a new trial.

