Breckenridge v. Parrott.

Filed May 26, 1896.

---

No. 1,956.

## BRECKENRIDGE v. PARROTT.

LANDLORD AND TENANT.—*Oil and Gas Lease.*—*Assignment of Lease.*—*Liability of Assignee.*—The assignee of an oil and gas lease is liable for the performance of the conditions therein stipulated, where such assignment was made in writing, and was accepted and held by assignee as the sole and exclusive owner thereof.

SAME.—The surrender of a lease about two months before the expiration of the year, for which rent is to be paid, because of the failure to complete an oil and gas well on the premises, does not relieve the lessee of liability for rent, in the absence of any agreement to release or acquit the payment thereof.

From the Wells Circuit Court.

*Daily, Simmons & Daily,* for appellant.

*Martin & Eichhorn,* for appellee.

DAVIS, C. J.—On the 11th day of June, 1890, Peter Parrott, appellee, of Adams county, Indiana, executed to E. T. Anderson & Co. an oil and gas grant, or lease, on 160 acres of real estate in said county. The exclusive right of drilling and operating on said real estate for petroleum and gas was granted to said Anderson & Co. by the terms of said lease, for five years. By the terms of said lease or grant, the said E. T. An-

derson &ᶜ Co. agreed to complete a well on the real
estate described in the lease within one year from the
date of the lease, or, in default thereof, to pay the ap-
pellee for further delay a yearly rental of $160.00 until
a well was completed, and to deliver to appellee one-
eighth of the oil produced and saved from the prem-
ises, and to pay $300.00 per annum for the gas from
each well so long as gas should be used therefrom. It
is expressly agreed, in the lease, that all the conditions
between the parties thereto shall extend to their as-
signees. Whether E. T. Anderson was alone, or
whether appellant was then his partner, is not entirely
clear; but it is conceded by appellant, that no other
person was interested in the business with said An-
derson, and that appellant, soon after the lease was
taken, acquired and thereafter owned one-half inter-
est in the lease. Afterwards, on the 15th of June,
1891, said E. T. Anderson, in his own name, assigned
all his interest in the lease to appellant. In other
words, it clearly appears that, before the assignment,
appellant owned a one-half interest in the lease; and
that, after the assignment, he was the sole and exclu-
sive owner thereof. The lease was recorded in the of-
fice of the recorder of Wells county, soon after it was
executed.

Appellee and appellant had no acquaintance, and
had no interview or correspondence, with one another
until the trial of this cause.

On the 8th of April, 1892, appellant, without the
knowledge or consent of appellee, released the lease
of record, and sent the original lease by mail to appel-
lee. Appellee thereafter retained possession of the
lease, and, in September, 1892, executed a grant and
conveyance of the oil and gas in and under the same
real estate to the Pittsburg Oil Company.

The lease in question provided that the rental there-

in stipulated should be paid direct to appellee, or be deposited to his credit in the Wells County Bank of Bluffton.

Appellee made no demand for the rental, prior to filing his complaint in this action, on the 11th day of March, 1895.

No well was ever completed on said real estate, and no rental was ever paid to appellee.

On issues joined, the cause was tried by the court, and judgment rendered against appellant for one year's rental, with interest.

Many questions have been presented by the record, which have been ably discussed by learned counsel; but, as we view the case, the decision of one question determines them all.

Is appellant liable to appellee for the rental for the year beginning June 11, 1891?

The agreement was to complete a well on said real estate prior to that date, "or, in default thereof, pay to the party of the first part, for further delay, a yearly rental of $160.00 on the said premises herein leased, from the time above specified for completing a well, until such well shall be completed."

On failure to complete the well prior to June 11, 1892, the rental became due and payable.

The learned counsel for appellant earnestly insist that he was not in any event personally liable for the payment of the rent. In this contention we cannot concur. If appellant was a member of the firm of E. T. Anderson & Co. when the lease was executed, he is certainly liable, unless he was discharged by the release in April, 1892, or if he acquired his rights in the lease after it was executed, by assignment, he is likewise liable. The assignment to him was in writing. The lease was delivered to and held by him. Whether the instrument of assignment was in compliance with

the requirements of the Ohio statute is immaterial. The lease was of lands in Indiana. It is conceded that the assignment was sufficient under our statute. The appellant having accepted and held the lease as the sole and exclusive owner thereof under the assignment, he became bound for the performance of the conditions therein stipulated.

The rental began to run on the 11th of June, 1891, and, assuming that the release by appellant, on the 8th of April, 1892, was effective, this fact did not entirely absolve appellant from the payment of the rental for that year. The most favorable view that can be taken of the question in his behalf, is to say that on the expiration of the year in which the lessees agreed to complete a well, he elected to hold over—or continue to retain the benefits of the lease for another year—by paying the rental of $160.00. In default of completing the well prior to June 11, 1891, he agreed to pay, "for further delay, a yearly rental of $160.00." The well was not completed. There was "further delay." No well was completed during the year ending June 12, 1892. About two months before the expiration of that year, appellant attempted to surrender the lease. The rental, however, commenced to run, as before observed, on the 11th of June, 1891. In part, at least, the rental had accrued, if it was not due, on the 8th of April, 1892. There is no claim that appellee agreed, at any time, to release or acquit the payment of the rental for the year beginning June 11, 1891, and we fail to see upon what principle the surrender or release by appellant in April, 1892, if effective, can be construed as discharging appellant from the liability to pay such rental. See *Edwards* v. *Mounsey*, 15 Ind. App. 399.

A careful reading of the record impresses us with

the belief that the merits of the cause have been fairly tried and determined in the court below. Section 670, R. S. 1894.

Judgment affirmed.

Filed May 26, 1896.