## THE BALTES LAND, STONE AND OIL COMPANY v. SUTTON.

[No. 3,082.  Filed June 26, 1900.  Rehearing denied Dec. 18, 1900.]

VENDOR AND PURCHASER.— *Contracts.—Assignment.— Liability of Assignee for Purchase Money.*—Plaintiff entered into an agreement with C. to convey to him certain described real estate upon the payment of notes executed for the purchase price, it being provided that upon failure to make any payment the contract should become a lease and the payments made should be applied as rental for the several terms between the times of payment, and that the covenants and agreements should extend to the assigns of the parties.  The contract was assigned to defendant, who went into possession of the land, but did not assume the payment of the notes, and continued in possession until default was made in payment. *Held*, that although a liability existed for use and occupation, an action could not be maintained against assignee on the note.

From the Blackford Circuit Court.  *Reversed.*

*John Cantwell, S. W. Cantwell, L. B. Simmons, R. B. Dreibelbiss, W. Leonard* and *E. Leonard,* for appellant.

*J. A. Hindman,* for appellee.

ROBINSON, C. J.—Appellee's complaint avers that on June 26, 1895, one Cook by his promissory note, a copy of which is made an exhibit, promised to pay appellee $500, July 26, 1898, which is due and unpaid; it is further averred that on the same date appellee and Cook entered into a written contract whereby appellee, in consideration of certain payments and the performance of certain covenants by Cook, agreed to convey to Cook in fee simple certain described lands, Cook agreeing to pay appellee $3,500 as follows: $500 in thirty days from date of contract; $500 July 26, 1896; $500 July 26, 1897; $500 July 26, 1898; $500 July 26, 1899; $500 July 26, 1900; $500 July 26, 1901, evidenced by notes of date of contract; Cook having the privilege to pay at any time the entire amount unpaid, when he should be entitled to a deed; Cook also to pay all taxes, assessments,

or impositions that might be legally levied subsequent to the year 1895; the contract further providing "that in case of the failure of the party of the second part (Cook) to make either of the payments, or any part thereof, or perform any of the covenants on his part hereby made and entered into at the time and in the manner herein provided, this contract shall become and is hereby made a lease of the above described tract from first party hereto to second party, and the payments herein specified for shall be and are hereby made a rental for said premises for the several terms between the times of said payments, and upon such failure, this contract shall, at the option of the party of the first part, be forfeited and determined, and the party of the second part shall forfeit all payments made by him on this contract, and such payments shall be retained by the said party of the first part in full satisfaction and liquidation of all damages by him sustained and he shall have the right to reënter and take possession of the premises aforesaid, provided that before reëntering and taking possession thereof he shall tender or return to the second party all his unpaid notes that are not due at such time"; it was also agreed that the time of payment should be of the essence of the contract and that all covenants and agreements should extend to the heirs, executors, administrators and assigns of the parties; on July 19, 1896, Cook assigned in writing a one-half interest in the contract to G. W. Spaulding who agreed to pay one-half the notes then unpaid; on July 29, 1896, Cook assigned in writing the other one-half interest in the contract to Ira B. Spaulding who agreed to pay one-half the notes then unpaid; on March 24, 1896, the Spauldings assigned in writing to appellant all their interest in the contract and in pursuance of such assignment appellant took and still retains possession of the land. Judgment is prayed for $800. Overruling a demurrer to this complaint is the only error assigned.

The contract between appellee and Cook is novel but it is

susceptible of a reasonable and fair construction. Appellant, as assignee of Cook's assignees, did not assume to pay the notes named in the agreement. If the instrument is construed to be a bond for a deed, appellant, as such assignee, is not liable to a personal judgment on the notes. Appellant did not agree to assume and pay the notes. The same rule should govern as that applied to a purchaser of land encumbered by a mortgage. *Hancock* v. *Fleming,* 103 Ind. 533; *Adams* v. *Wheeler,* 122 Ind. 251; *Ayres* v. *Randall,* 108 Ind. 595. Had Cook continued a party to the agreement and paid the several notes as they became due, at the expiration of the time he could have demanded a deed, and the same is true of his assignees. But it was expressly agreed that if Cook failed to make any payment or any part thereof or perform any covenant in the agreement at the time and in the manner provided, the "contract shall become and is hereby made a lease" of the land from appellee to Cook and the "payments herein provided for shall be and are hereby made a rental for said premises for the several terms between the times of said payments."

Appellant went into possession under a contract which, if fully performed by it, would result in its ownership of the land. But if it failed to perform the agreement the stipulated payments were to become rent. It is quite true that if a person goes into possession of real estate under a contract to purchase, he does not thereby become the vendor's tenant so as to become liable for rent in case the contract is rescinded. *Hopkins* v. *Ratliff,* 115 Ind. 213. But we know of nothing to prevent the parties from agreeing that, although the contract is originally one of purchase, it may become, under certain conditions therein named, a lease. It is a matter about which the parties might rightfully contract and the contract when made may be enforced.

Appellant, as assignee of the contract, went into possession whereby it might ultimately become the owner of the

land. It could become such owner only by compliance with the contract, and making the payments therein provided. But it made default in the payment due July, 1898. The contract provided for this default, and from its express terms, appellant having taken possession, the conclusion necessarily follows that the relation of landlord and tenant then existed. It is true it went into possession as a purchaser and continued in such possession until default, but it certainly will not be heard to say that, by the terms of the contract, it is not liable for the use and occupation of the premises for the year immediately preceding the default. The contract means and in fact says that upon this default the contract should be construed to be a lease at a certain named yearly rental stipulated in the contract. The contract itself extends its covenants to assignees, and although appellant is not liable on the note, it is liable upon the covenants in the contract and this liability arises from the privity of estate through its interest in the contract and its right to enjoy its benefits. See, *Edmonds* v. *Mounsey,* 15 Ind. App. 399; *Breckenridge* v. *Parrott,* 15 Ind. App. 411; *Carley* v. *Lewis,* 24 Ind. 23.

The contract and its assignments are made part of the complaint, but the suit is not to recover the sum named in the contract as rent. The theory of the complaint is an action on the note, but as appellant is not liable on the note the demurrer to the complaint should have been sustained.

Judgment reversed.