## THE BALTES LAND, STONE AND OIL COMPANY v. SUTTON ET AL.

[No. 3,462.   Filed November 20, 1901.   Rehearing denied March 31, 1903.]

JUDGMENTS.—*Former Adjudication.*—*Series of Notes.*—Where in an answer of former adjudication it is not made to appear that the defenses pleaded to the first of a series of notes extended to the whole matter of controversy between the parties so as to litigate and determine the defendant's liability in respect to the whole transaction, then the judgment in an action on the first note is a finality only as to so much of the claim as was actually litigated therein.

From Blackford Circuit Court; *A. N. Martin*, Special Judge.

Action by James M. Sutton against the Baltes Land, Stone & Oil Company and others. From a judgment for plaintiff, defendant company appeals. Decided by the court without written opinion, November 20, 1901. *Affirmed.*

*S. W. Cantwell, L. B. Simmons, R. B. Dreibelbiss, Wilmer Leonard* and *Elmer Leonard*, for appellant.

*J. A. Hindman J. A. Bonham, Elisha Pierce, J. S. Dailey, Abram Simmons* and *F. C. Dailey*, for appellees.

### On Petition for Rehearing.

PER CURIAM.—Counsel for appellant have filed a brief in support of their petition for a rehearing in the case, in which they earnestly contend that the answer filed by appellant to the complaint of appellee Sutton, and the answer filed by appellant to the cross-complaint of the Spauldings are both sufficient as answers of former adjudication, and that the trial court erred in sustaining appellees' demurrer to each of said answers.

The law upon which counsel base their argument is well stated in *Kilander* v. *Hoover,* 111 Ind. 10, where the court said: "If it appears that the first judgment involved the whole claim or extended to the whole subject-matter, and settled the entire defense to the whole of a series of notes or claims, and adjudicated the whole subject-matter of a defense, equally relevant to and conclusive of the controversy between the parties, as well in respect to the claim or defense in judgment, as in respect to other claims and defenses thereto, pertaining to the same transaction or subject-matter, then the first judgment operates as an estoppel as to the whole. * * * Unless, however, it is made to appear that the defenses pleaded to the first claim, or demand, involved the whole title, or extended to the whole subject-matter, of the controversy between the parties, so as to litigate and determine the defendant's liability in respect to the whole transaction, then the judgment is a finality only as to so much of the claim and defenses as was actually litigated in the first suit."

We think this a clear and broad statement of the law applicable to appellant's answer. Appellant's answers were, we think, properly held insufficient, because it is not made to appear therein that the "defenses pleaded to the first claim or demand, involved the whole title, or extended to the whole subject-matter of the controversy between the parties."

The action was upon the note and contract. Under the *contract*, upon the happening of certain conditions, the notes might be used simply to determine the agreed rental value of the property. *Baltes Land, etc., Co.* v. *Sutton*, 25 Ind. App. 695. Besides, if the contract is reformed by the judgment of the court, as prayed for in the cross-complaint, the burden of an entirely new liability must be assumed by appellant. If these matters, properly included in the subject-matter, were within the issues of the former action, the answers to the complaint and cross-complaint did not so aver.

The petition for a rehearing is overruled.