## BALTES LAND, STONE & OIL COMPANY
### v. SUTTON.

[No. 4,489.   Filed November 24, 1903.]

APPEAL. — *In Term-Time.* — *Parties.* — *Refusal of Coparty to Join in Appeal.*—A term-time appeal in which all the coparties against whom judgment was taken are named as appellants will not be dismissed because a part of those so named file their refusal to join as appellants.  *pp. 16, 17.*

CONTRACTS.—*Assignment.*—*Acceptance.*—*Vendor and Purchaser.*—The assignee of a contract for the purchase of land, having promised, as a consideration for the assignment, to pay notes given thereunder, he is liable on the notes to the payee though his promise has not been accepted.  *pp. 17, 18.*

EVIDENCE.—*Identification of Instrument Though Mutilated.*—It is proper for a witness to identify a paper as an instrument that was assigned to him, although the instrument exhibited was mutilated, and torn in pieces.  *p. 20.*

VENDOR AND PURCHASER.—*Contract of Sale.*—*Assignment.*—*Possession.* —*Evidence.*—In an action on a contract for the sale of land, against the purchaser's assignee, evidence that the assignee took possession of the land, and the manner in which he used it, is admissible.  *p. 20.*

EVIDENCE.—*Contract.*—*Consideration.*—The consideration of a written contract may be inquired into by parol.  *p. 20.*

VENDOR AND PURCHASER.—*Evidence.*—*Harmless Error.*—In an action on a contract for the sale of a stone quarry and quarry machinery, the admission of evidence as to what machinery was on the land is not harmful error, although defendant's liability did not depend upon the amount of property received.  *p. 21.*

PRINCIPAL AND AGENT.— *Agency Denied.*—*Ratification.*— *Evidence.*— Where the authority of persons representing themselves as agents of a certain corporation is denied by the corporation, evidence that such persons so represented themselves while negotiating the contract in controversy is not prejudicial, if their acts were subsequently ratified.  *p. 21.*

BILLS AND NOTES.—*Action on Notes Assumed by Assignee of Contract.* — *Demand.*— In an action on notes assumed by an assignee of a contract for the sale of land, demand before bringing suit is unnecessary.  *p. 21.*

From Blackford Circuit Court; *H. J. Paulus*, Special Judge.

Baltes Land, etc., Co. v. Sutton.

Action by James M. Sutton against the Baltes Land, Stone & Oil Company and others. From a judgment for plaintiff, defendant, the Baltes Land, Stone & Oil Company, appeals. *Affirmed.*

*S. W. Cantwell, L. B. Simmons, R. B. Driebelbiss, Wilmer Leonard, Elmer Leonard, J. S. Dailey, A. Simmons, F. C. Dailey, J. A. Bonham* and *E. Pierce,* for appellant.

*J. A. Hindman* and *M. M. Powell,* for appellee.

ROBINSON, J.—Appellee's complaint avers that W. D. Cook executed to him seven promissory notes; that number six thereof is due and unpaid; that as a part of the same transaction Cook entered into a written contract with appellee for the consideration expressed in the notes, that appellee would convey to Cook certain real estate, but if default were made in the payment of any note then the contract should be a lease, and the money to be paid should be rent. The terms of the agreement were extended to assigns. Cook took possession of the land, on which was located a stone quarry. He assigned the contract to George W. and Ira B. Spaulding, and the Spauldings thereafter assigned the same to appellant. It is averred that the only consideration for the assignment to the appellant was the agreement to perform all the covenants of the contract, and that appellant promised and agreed to pay all unpaid notes and instalments; that by virtue thereof appellant took possession of the land, and converted its emoluments to its own use, and still holds the land. Cook filed a cross-complaint against the Spauldings, and asked that they be first held liable. The Spauldings filed a cross-complaint against all the parties. In the first paragraph they set out the note, the contract, its assignment, and aver a promise on the part of appellant to pay deferred payments. The second paragraph alleges that appellant took possession of the land in question by virtue of the

assignment of the contract to it, and still holds the same. The third paragraph alleges that appellant agreed in writing to pay the deferred payments, the writing having been executed by the agents of appellant. The fourth paragraph alleges a mutual mistake in the written assignment by the Spauldings to appellant, and that the agreement of appellant to pay the deferred payments was omitted. The Spauldings also filed a single paragraph of cross-complaint against their codefendants, the appellee, and the persons who had signed the writing mentioned in the third paragraph of cross-complaint above as having signed the paper as officers of appellant, alleging that the writing referred to was executed for and in behalf of appellant.

Appellant's demurrer to the complaint, and also its demurrer to the cross-complaint of the Spauldings, were overruled, which rulings are assigned as error.

The court made a special finding of facts with conclusions of law. Appellant's motion for a new trial was overruled, and judgment rendered in conformity with the conclusions of law. The court rendered judgment in favor of appellee that he recover from Cook, Spaulding, and Spaulding, and appellant the sum of $770 and costs. It was further adjudged that this amount be first collected from appellant before levying on the property of Spaulding and Spaulding, or either of them, and in the event that the property of appellant be insufficient to satisfy the same, then one-half of the residue be collected from each of the Spauldings before levying on the property of Cook. And it is also adjudged that if the property of appellant and the property of the Spauldings be insufficient, the sum remaining unpaid be collected from Cook.

In the assignment of errors, in the caption, the Baltes Land, Stone & Oil Company, Cook, and the Spauldings appear as appellants. But the Baltes company alone assigns error. It is the sole appellant in this appeal. Merely naming a party in the caption as an appellant does not

make him an appellant. Cook and the Spauldings have filed refusals to join or to be joined as appellants. The motion to dismiss the appeal because Cook and the Spauldings have not been made appellees was postponed until the hearing at this time. This is a term-time appeal. In such appeals the statute provides that "Whenever a part of any number of coparties against whom a judgment has been taken, shall appeal * * * it shall not be necessary to make such coparties not appealing, parties to the appeal, and it shall not be necessary to name them as appellants or appellees in the assignment of errors, but they shall be bound by the judgment on appeal to the same extent as if they had been made parties." §647a Burns 1901. This statute also gives any coparty not joining all the rights, within the year, in relation to the appeal that he would have had if he had joined in the appeal originally.

This being a term-time appeal all the parties to the judgment were in court when the appeal was taken, and must take notice of the appeal. The judgment rendered was against the Baltes company, the Spauldings and Cook. They were coparties against whom the judgment was taken. One of them appeals. The statute says it shall not be necessary for him to make his coparties not appealing parties to the appeal, nor to name them as appellants or appellees in the assignment of errors. Such coparty may within one year from the date of the judgment assign errors for himself, and have all questions decided which are properly presented. The statute also provides that such coparties shall be bound by the judgment on appeal to the same extent as if they were parties. The motion to dismiss is overruled. *Smith* v. *Wells Mfg. Co.,* 144 Ind. 266, 270; *Anderson Glass Co.* v. *Brakeman,* 20 Ind. App. 226; *Evans* v. *Odem,* 30 Ind. App. 207.

The first objection urged to the complaint is that the action is based upon a note not signed or assumed by ap-

pellant. But the complaint avers that the only considera-
tion for the assignment of the contract by the Spauldings
to appellant was a promise and agreement by appellant to
perform all the requirements to be performed under the
terms of the original contract, and that the only considera-
tion for the assignment of the contract, together with the
rights and privileges therein conferred, was that appellant
promised and agreed to pay all the notes and instalments
mentioned in the contract at that time remaining unpaid.
The assignment by the Spauldings to appellant was in
writing, and says nothing about assuming the payment of
the deferred payments. This assignment, standing alone,
would not give a right to a personal judgment. *Baltes
Land, etc., Co.* v. *Sutton,* 25 Ind. App. 695. But the com-
plaint avers what the consideration for the assignment was
—appellant's promise to pay these notes.

It was not necessary that the complaint should aver that
appellee accepted appellant's promise to pay the deferred
indebtedness. Appellant received the consideration for its
promise to pay the deferred payments, and appellee may
enforce the fulfilment of the promise.

In the case of *Talburt* v. *Berkshire Life Ins. Co.,* 80
Ind. 434, cited by counsel, mortgaged land was attempted
to be conveyed to Talburt who assumed the payment of the
mortgage debt to appellee. Because of a mistake in the
deed the grantor and Talburt rescinded the sale, and the
question of appellee's acceptance of Talburt's agreement
to pay the mortgage debt became material, as without such
acceptance no rights of appellee had intervened to prevent
a rescission of the contract by the grantor and Talburt. In
that case it is held that if there had been no mistake in the
deed, and Talburt had received the consideration for his
promise, the insurance company might sue for foreclosure
and unite with the complaint a claim for judgment against
Talburt on his promise to pay the mortgage debt.

Each paragraph of cross-complaint by the Spauldings asks that the property of appellant be exhausted before execution be levied upon the property of the cross-complainants. What is said above on the sufficiency of the complaint is applicable to some of the objections urged against the cross-complaint. The rule declared in *Baltes Land, etc., Co.* v. *Sutton,* 25 Ind. App. 695, applies to some of the questions presented. Other questions raised under objections to the sufficiency of the cross-complaint may properly be considered in connection with certain questions discussed under the evidence and the special finding.

The court found that Sutton sold the land to Cook for $3,500 by a written contract, Cook executing seven notes for $500 each; that at the time of the execution of the notes and contract Cook took possession. Cook assigned the contract to George W. and Ira B. Spaulding, the assignments stating that the assignees assumed to pay the obligations expressed in the contract that were then unsatisfied. Afterwards the Spauldings assigned the contract to appellant; that prior to and on the date of this assignment appellant, as the consideration, and the only consideration, for the interest, right, and title in and to the contract and land, so assigned to it by the Spauldings, orally agreed to pay each and all the seven notes executed by Cook to Sutton, including the sixth note sued on. Previous to this assignment, appellant, a corporation, through its agents and officers, and the Spauldings, entered into a written contract whereby the Spauldings sold to appellant certain land for a sum stated, and also agreed to turn over to appellant the title-bond of the land formerly owned by Cook, for which appellant agreed to assume an indebtedness of $3,000. At that time six of the notes executed by Cook to Sutton remained unpaid, and the $3,000 indebtedness which appellant assumed to pay was the six notes of the series of seven then due, which included the note in

suit. The Spauldings fully complied with this contract; that appellant immediately, under this contract, took possession of the land sold by appellee to Cook, and has retained possession ever since; and after taking possession paid to appellee the second note of the series, falling due July 26, 1896; that there is due appellee $770, which is the amount due on note number six of the series. As conclusions of law the court stated that personal judgment should be rendered against appellant, Cook, and the Spauldings; that Cook should be liable only after the exhaustion of the property of appellant and the Spauldings, and the Spauldings liable only after the exhaustion of the property of appellant.

There was no error in permitting a witness to testify that a paper shown the witness was the instrument that he took an assignment of from Cook, although objection was made that the instrument was mutilated and torn into three pieces. The instrument was not then offered in evidence, but the witness was asked simply to identify it.

It was proper to permit a witness to testify that appellant took possession of the land, what the land was used for, that it had retained possession of the land and the machinery thereon used for stone quarry purposes, and that the company had since moved away a part or all of the machinery.

A witness—Ira B. Spaulding—was asked what the consideration was that the Spauldings received or were to receive for the transfer of the property. His answer—the payment of the notes Sutton held for $3,000—was the statement of a fact, and not a conclusion. The consideration of a written contract may be inquired into by parol. See *Lowry* v. *Downey,* 150 Ind. 364; *Maris* v. *Iles,* 3 Ind. App. 579.

A witness may testify as a fact whether he ever executed a deed to a person named. Testifying to the fact that a deed

was made is not attempting to prove the contents of the deed.

The contract between appellee and Cook, and assigned through the Spauldings to appellant, was to convey certain land and all machinery, fixtures, and fittings belonging and appertaining to a stone quarry situated on the premises. The complaint avers that appellant took possession of the land, the quarry, and machinery, and has operated the quarry continuously ever since. This machinery was part of the property to be conveyed by appellee to Cook and assigned to appellant. The admission of the testimony of a witness as to what machinery and fixtures there were on the land was not harmful error. It is true appellant's liability for the debt depended upon its relation to the contract, rather than upon the amount of property it received, but we fail to see how the admission of the evidence was prejudicial to appellant.

The court found that appellant is a corporation. It could act only through its officers and agents. Objection is made to the statement of a witness that certain parties with whom he negotiated concerning the land and the notes represented themselves to be acting for appellant. It is unnecessary to inquire into the proper method of proving agency, or as to the authority of an agent to act for his principal, for the reason that appellant afterwards ratified the acts of the persons assuming to act by taking possession of the land and continuing in possession, and also by paying one of the series of notes.

It was not necessary that appellee should demand payment before suit was brought. Appellant contracted to pay the notes, and the written contract assigned to appellant stated the amount of the notes and when due. Taking the transaction as a whole, we think it may be said that the money was due appellee on a contract. *Olvey* v. *Jackson,* 106 Ind. 286; *Bertha* v. *Sparks,* 19 Ind. App. 431,

Gough v. State, *ex rel.*.

Whether appellee's cause of action was adjudicated in a former action brought by appellee on instalment number three under this contract was determined adversely to appellant in *Baltes Land, etc., Co.* v. *Sutton,* 30 Ind. App. 648.

We find no error in the record for which the judgment should be reversed.    Judgment affirmed.