## BOLLENBACHER v. LEE, EXECUTOR.

[No. 9,675.   Filed January 31, 1919.   Rehearing denied May 8, 1919.   Transfer denied April 8, 1921.]

1. COVENANTS.—*Breach.*—*Damages.*—Where, in a suit between grantees of a common grantor involving the boundary between their properties, the deed of one was reformed so that it included land covered by the deed of the other, there was a breach of the warranty for which such other grantee was entitled to recover damages from grantor's estate, the executor, although notified of the action, having failed to defend.  p. 335.

2. COVENANTS.—*Covenant of Warranty.*—*Breach.*—*Duty to Defend Title.*—When a suit is brought against a grantee to quiet title, or to eject him from lands to which he claims title by deed from another, it is the business of defendant's grantor, if he would save himself harmless upon his covenants, to defend such action, and he fails to do so at his peril.  p. 335.

3. COVENANTS.—*Covenant of Warranty.*—*Breach.*—*Duty to Defend Title.*—Where a controversy arose between grantees of deceased as to title to part of the land covered by the description in plaintiff's deed, and in plaintiff's suit to quiet title the other grantee filed a cross-complaint seeking to have his deed reformed, etc., it was the duty of decedent's executor, when duly notified, to defend, plaintiff not being required to defend and to appeal from an adverse judgment.  p. 336.

4. COVENANTS.—*Covenant of Warranty.*—*Breach.*—*Judgment Against Covenantee.*—*Effect.*—In an action between grantees of deceased to quiet title to part of the land covered by the description in plaintiff's deed, and claimed by defendant grantee as part of the tract conveyed to him, judgment in favor of the latter on his cross-complaint conclusively established a breach of the covenant as between plaintiff and deceased, deceased's executor having failed to defend after notice of the filing of the cross-complaint.  p. 336.

From Monroe Circuit Court; *Robert W. Miers,* Judge.

Action by Ella T. Bollenbacher against Henry A. Lee, executor of the will of Eliza J. Alexander, deceased. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Robert G. Miller, James W. Blair* and *Ira C. Batman,* for appellant.

*Edwin Carr* and *Lee & Lee,* for appellee.

ENLOE, J.—Action to recover damages for breach of covenant in deed to real estate, statutory in form.

It appears from the record, that in March, 1905, one Eliza J. Alexander, executed and delivered to appellant, her warranty deed, statutory in form, therein and thereby attempting to convey to appellant the following described lands, situate in Bloomington, Monroe county, Indiana, to wit: Part of seminary lot number eighty-three (83) formerly seminary lot number three (3) and bounded and described as follows, to wit: Beginning at the northwest corner of said seminary lot number eighty-three (83) and running thence east on the north line of said lot one hundred twenty-five (125) feet more or less, to the northwest corner of a strip of land in said lot eighty-three (83) twelve (12) feet wide by two hundred twenty-eight (228) feet long, heretofore deeded by grantor as shown in Deed Record 36 at page 398 of the recorder's office of Monroe county, in the State of Indiana; running thence south along the west line of said strip of land two hundred twenty-eight (228) feet; thence west one hundred twenty-five (125) feet more or less to the west line of said lot number eighty-three (83) ; thence north on the west line of said lot number eighty-three (83) two hundred twenty-eight (228) feet to the place of beginning.

It also appears that on January 25, 1899, said Eliza J. Alexander had sold, and by her deed of that date, attempted to convey to one Arthur L. Foley, the follow-

ing described lands in said city, county and state, to wit: A part of seminary lot No. 83 in township eight north, range one west, described as follows: A strip of land twelve feet in width, beginning 137 feet east of the northwest corner of seminary lot No. 83 on the north line of said lot No. 83, running thence south 228 feet; thence west twelve feet; thence north 228 feet parallel to said line running south, thence east twelve feet to the place of beginning on the north line of said lot No. 83.

It is hereby reserved to the grantor herein and to her tenants the right and privilege of using said strip of twelve feet for passage of buggies and carriages and for wagons and drays hauling coal, wood, furniture and trunks for her own use or any of her tenants or roomers. Said privilege shall terminate at death of grantor herein or sale of said property situated immediately west of the strip.

Which said deed was duly recorded in Deed Record No. 36 at page 398 of records of deeds in the recorder's office of Monroe county, Indiana, and which is the deed referred to in the deed of Eliza J. Alexander to appellant, hereinbefore mentioned; that on February 11, 1898, said Eliza J. Alexander had sold, and by her warranty deed of that date attempted to convey to Arthur L. Foley, the following described lands, to wit: A part of seminary lot number eighty-three (83) in township eight (8) north, range one (1) west, described as follows: Commencing at a point in the north line of said seminary lot number eighty-three (83) one hundred and thirty-seven (137) feet east from the northwest corner of said lot number eighty-three (83), thence east fifty-eight and one-half (58½) feet, thence south two hundred and twenty-eight (228) feet, thence west parallel with the north line of said lot number eighty-three (83) fifty-eight and one-half (58½) feet, thence north parallel with the west line of said lot eighty-three

(83) two hundred twenty-eight feet to the place of beginning.

It also appears that prior to the time of the bringing of the several suits herein, the said Eliza J. Alexander died, and defendant Henry A. Lee, is the duly qualified and acting executor of her estate.

It further appears that after the death of said Eliza J. Alexander, a dispute arose between the appellant herein, and said Arthur L. Foley, grantor above named, as to the exact location of the boundary line between their said properties, and that suit was begun in the Monroe Circuit Court against said Arthur L. Foley, by appellant herein, to quiet her title to the strip of land six feet in width, in controversy between them; that said Foley defended said cause and also filed a cross-complaint against appellant wherein he asked to have his title in and to said strip of ground six feet in width quieted in himself, and among other things, alleged in his complaint, that there was, by mutual mistake of himself and his grantor, said Eliza J. Alexander, an error in the description of the lands intended to be conveyed to him, by said deeds, and that the true and correct starting point of the descriptions in the deeds was a point one hundred thirty-one (131) feet east of the northwest corner of lot No. 83 instead of a point one hundred thirty-seven (137) feet east of the northwest corner of lot No. 83 as mentioned in the deeds, and he also asked to have his deed reformed, so as to correctly describe his lands; that the appellant thereupon gave due notice to the executor, also to the legatees under the will of said Eliza J. Alexander, that said Foley had filed such cross-complaint and requested them and each of them to appear and defend against said cross-complaint, but no such defense was made by any of them.

It further appears that such proceedings were thereafter had in the cause, that the court rendered its decree

against the plaintiff therein, appellant, and in favor of
Foley, defendant, and cross-complainant, and quieted his
title in and to the strip of ground, as against plaintiff,
also in said decree, reformed the deed from Eliza J.
Alexander to Foley of the date of January 25, 1899, as
recorded in Deed Record No. 36 at page 398 so that the
beginning point in the description thereof was fixed at
a point 131 feet east of the northwest corner of lot No.
83, and such decree still stands.

Shortly thereafter this appellant filed her claim
against the estate of said Eliza J. Alexander, claim-
ing damages therein for loss of title to the strip of land
in question, money expended in defending against the
aforementioned cross-complaint of said Foley, for costs
and attorney's fees, and interest on moneys paid as
purchase money for said strip of land, and the claim
not being allowed, it was in due time placed upon the
docket of the Monroe Circuit Court for trial.

The trial was had before the court and resulted in a
finding against the appellant and in favor of appellee
and judgment rendered against appellant for costs.

The error complained of is the overruling of appel-
lant's motion for a new trial.

On petition duly filed, a writ of *certiorari* was issued
in this case to the clerk of the Monroe Circuit Court,
to correct record, and his certificate, and as corrected,
the bill of exceptions is in the record.

The reasons assigned by plaintiff, appellant, for a new
trial were: (1) The decision of the court is not sus-
tained by sufficient evidence. (2) The decision of the
court is contrary to law.

The third, fourth, fifth, sixth, seventh and eighth
specifications relate to the matter of admitting of evi-
dence over certain objections then made.

There was no counterclaim of any kind or character

in this case, and all the evidence offered by appellee related to the amount of damages sustained by appellant.

If there was, as a matter of law, a breach of the covenant in the deed of Eliza J. Alexander to appellant, and her title to a part of the land described in
1. the deed failed, then she, as grantee, would be entitled to recover whatever damages she has sustained unless she is barred therefrom by something subsequent to said deed.

Appellee contends that when the deed to Foley was by the judgment and decree of the Monroe Circuit Court reformed, such reformation also corrected and reformed the deed of the appellant, executed to her by said Eliza J. Alexander, and that such judgment is final and conclusive, on all the parties, and that therefore this action will not lie. It is urged and expressly said in the brief of appellee, that appellant, as shown by the record and decree in former case, "Never bought any of the six (6) foot strip of land in controversy." Council failed to make a distinction between "purchasing" and "taking title." The evidence conclusively shows that appellant purchased this six-foot strip, but under the findings and decree of the court, in the suit to quiet title, appellant did not take title thereto. It was within the lands described in her deed of March 31, 1905, from Eliza J. Alexander, but another already had title thereto, by prior purchase, and hence her title failed. This was a breach of warranty of her deed.

When suit is brought against a grantee, to quiet title, or to eject him from lands to which he claims title by deed from another, it is the business of the lat-
2. ter's grantor, if he would save himself harmless upon his covenants, upon notice duly given, to defend such action, and he fails to do so at his peril. *Bever* v. *North* (1886), 107 Ind. 544, 8 N. E. 576.

It was not the duty of appellant to defend and ap-

peal from an adverse judgment. It was the duty of the appellant's grantor, when duly notified, to defend such suit. *Bever* v. *North, supra.* The judgment of courts in such case conclusively establishes the breach of covenant, as between the parties. *Bever* v. *North, supra.*

From the record before us in this case it appears that the only real question where there could be any substantial controversy in this case, was and is, as to the extent of the damages sustained by appellant. On the trial substantial damages, attorney's fees and costs incurred and paid by appellant in defending said former suit were placed in the record by stipulation, and it therefore follows that the assignment of error is well taken.

The judgment will be in all things reversed and a new trial granted.

Dausman, C. J. and Nichols, McMahan, and Remy, JJ., concur.

Batman, P. J., not participating.