*480
 
 Battle, J.
 

 The claim of the plaintiffs for maintenance since their brother came of age, cannot be sustained consistently with any fair construction of the will of the defendant Bowe’s testator. The primary object which the testator had in view was to provide for his own mother and the mother of his illegitimate children. lie accordingly charges, first, the whole of his property with .their maintenance during their lives, and then adds,
 
 “
 
 and also Prudence II. Bichard-son, Louisa Bichardson and Henry McAden Biehardson, until the said Henry arrives to the age of twenty-one years.” The evident meaning of this is, that the three persons named, who were the illegitimate children of the testator, should likewise be maintained out of his property until his son should come of age. The counsel for the plaintiffs contend, indeed, that the maintenance of the son alone should be restricted until lie should arrive at the age of twenty-one years, and they insist that such is the only proper grammatical construction. In that, we differ in opinion from the counsel. The testator had just above spoken of his mother and his mistress together, and specified the duration of the support he intended for them ; and we must suppose that, in classing his illegitimate children together, he intended that the period, mentioned for their maintenance, should be the-same for all ; and this supposition is strengthened, by finding that he immediately speaks of them together, in saying
 
 “
 
 the above children are to receive a plain English education.”
 

 But if there be any doubt about the construction of the will, as it is to be collected from the clauses to which we have referred, it is completely removed by what follows. After the deaths of the prime objects of his bount}1-, his mother and his mistress, and after his son Henry has arrived at the age of twenty-one years, he provides that all his slaves shall be emancipated and sent out of the country, except such as are too old or are unwilling to go; and then, with the proceeds of the labor of those slaves who remain, and with the aid of all the other property, Henry is to maintain his sisters until they marry, or be sufficiently provided for. The testator evidently
 
 *481
 
 thought at first, that, by the time Henry came of age, his sisters would be married, or would be able to take care of themselves, and hence, the maintenance directed for them until Henry’s attaining his full age; and that was all he intended to provide for them so long as the first objects of his bounty were living.and thus needing a support. But, after they should be dead, then he was willing that the benevolent intentions towards his slaves should be carried out, and what of his property remained should go into the possession of Henry ; and if his sisters should then still be single, Henry is required to maintain them until they should find husbands to take the burden off of his hands, or until, in some other way, they should be sufficiently provided for. That seems to be the plain meaning of the language used by the testator, and was no doubt his intention. He very clearly did not intend to provide for his daughters an equal share of his estate with his son; else he would have directed au equal division, or have given them certain portions of his property, equal in value to what he gave liis son. His manifest intent, in favor of his daughters, was merely to provide a maintenance for them until a certain time short of the duration of their lives. What time? The testator answers himself, — until they married, or be sufficiently provided for. But, say the counsel, the word “ or” must be construed “ and.” Such a change of words is admissible, certainly, when the intent of the testator will be defeated without it; but it is never admissible unless it is necessary to carry out the manifest design of the will. Such is not the case, here, and the feme plaintiffs ceased to have any right to maintenance, out of the testator’s estate, after their respective marriages.
 

 But the plaintiffs are certainly entitled to something for maintenance which they ought to have received before their brother came to the age of twenty-one years. This they allege that they have never received. The allegation is neither admitted nor denied in the answers, and it is agreed by the parties that an enquiry may be made to ascertain whether flie fact is so. Let an order be made for that purpose, and if
 
 *482
 
 they have not received all that they aro entitled to, to ascertain what amount is due them on that account, and let the cause be retained for further direction upon the coming in of the report.
 

 Pee Cueiah, Decree accordingly.