S. P. SMITH, SON & BROTHER, plaintiffs in error, *vs.* SIMPSON FOUCHE *et al.*, defendants in error.

1. Where the plaintiff in error presents his bill of exceptions to the judge of the superior court with the certificate thereto erroneously dated, and requests the judge to alter the said date, but does not see that it is altered correctly by him, and his case is about to be dismissed by this court because of such uncorrected date, and he voluntarily withdraws it, and then files a bill

for a new trial and injunction predicated upon such mistake, the said bill of exceptions having been within the reach of the diligence of said plaintiff for months, and no effort having been made by him to see that it was correctly dated, or to correct the mistake:

*Held*, that even if his original case so withdrawn had merit in it, a court of equity will not relieve against such mistake coupled with such laches.

2. Where the owner of land sells it to another and takes bond for titles thereto, and the vendee fails to pay but acknowledges the vendor as landlord and rents the land from him with lien upon the crop, and the vendee fails to pay the rent note and a distress warrant is levied on the crop, and the same sold and the money brought into court, and the fund is claimed by factors' or merchants' liens for advances younger than the lien of the rent:

*Held*, that the landlord's or vendor's lien for rent will take the fund in preference to the junior liens for advances, though the parties advancing to the tenant had no knowledge or notice of the rent lien—their liens arising after the failure to pay note for purchase money at maturity.

Equity. Practice in the Supreme Court. Landlord and tenant. Factors' lien. Before Judge UNDERWOOD. Floyd county. At Chambers. November 18, 1875.

In September, 1873, Simpson Fouche sold a certain tract of land to Felix G. Sheats, giving his bond conditioned to make a title thereto on the payment of the purchase money. The first payment, $1,500 00, became due on January 1st, 1874. On February 2d, 1874, Sheats entered into the following agreement: "Whereas, I have been unable to meet said first payment, now, therefore, in consideration of the use and occupation of said land, and for the rent thereof for the present year, I promise to pay said S. Fouche the sum of $525 00, to become due on the 1st day of November, 1874." Having failed to pay the rent, a distress warrant was levied on the crops grown on the land during the year 1874, the same sold and the money brought into court for distribution. This fund was claimed by Smith, Son & Brother, under certain factors' liens executed by Sheats, in the year 1874, after the date of the aforesaid rent contract, for advances made to him during that year with which to make his crops. On January 16th, 1875, the court awarded the fund to the distress warrant. Smith, Son & Brother excepted and carried the cause to the

July term, 1875, of the supreme court. When the case was there called, the writ of error was withdrawn. They then filed their bill for a new trial and for the writ of injunction, alleging that they presented their bill of exceptions in the former case to the judge of the superior court with the certificate thereto erroneously dated, requesting him when he signed the same to alter said date ; that said judge omitted to alter said date ; that when the cause was reached in the supreme court a motion to dismiss was made based on a ground growing out of such incorrect date, and complainants were compelled to withdraw the writ of error to prevent a dismissal of the same. A demurrer being filed, the injunction was refused and the bill dismissed. To this judgment complainants excepted and now assign error thereon.

SMITH & BRANHAM, for plaintiffs in error.

DABNEY & FOUCHE, for defendants.

JACKSON, Judge.

The opinion of the court in this case is sufficiently indicated in the syllabus furnished the reporter. See *Seay vs. Treadwell,* 43 *Georgia Reports,* 564. This case is distinguishable from *Kohn vs. Lovett,* 42 *Georgia Reports,* 179.

Judgment affirmed.