· SAMUEL VICK *v.* JOSEPH E. AYRES ET AL.

VENDOR AND VENDEE. *Landlord and tenant. Alternative agreement.*

Where a vendee goes into possession of land under a parol contract of purchase, but with the agreement that, if he fails to pay the purchase-money at the end of the year, he will pay a stipulated rent, the contract is void as a contract of purchase, but is valid as a lease for one year; and if he refuses to pay the purchase-money at the time agreed upon, the vendor may sue out an attachment for rent against him, without having first tendered him a deed.

ERROR to the Circuit Court of Attala County.

Hon. WILLIAM COTHRAN, Judge.

Z. Zollicoffer, being the owner of a tract of land, in 1873 sold a part thereof to Samuel Vick, wholly on a credit. The contract of sale was parol, no writing being given by either party. Zollicoffer died in 1874. Vick failed to make any payment on his contract, and, in 1875, J. P. Mills, acting for Zollicoffer's heirs, bargained the entire tract to Joseph E. Ayres and William McMillan, by parol. Ayres and McMillan took possession, and agreed with Vick that he " should have the benefit of his trade with Zollicoffer." Vick agreed to pay to Ayres and McMillan the whole amount of purchase-money due on the land bargained for, at the end of the year 1875, or, in default thereof, to pay two bales of cotton as rent for that year. Vick failed to pay the purchase-money, which was demanded by Ayres & McMillan, according to the agreement, and in January, 1876, without tendering any deed to Vick, they sued out an attachment for rent against him, and had some cotton and corn distrained. Vick took out a writ of replevin for the cotton and corn, before a justice of the peace. The justice awarded the goods to the plaintiff in replevin. The defendants appealed to the Circuit Court, and there a judgment was rendered for them. Vick, the plaintiff in replevin, then sued out a writ of error.

*Jason Niles*, for the plaintiff in error.

If the parol contract of purchase was void, that would not convert a conditional promise to pay rent into an absolute

one.  The conditional promise could only become absolute when Vick was put in default in paying the purchase-money. Could he be put in default by a demand for payment, when Ayres and McMillan themselves had neither a deed nor a bond for title to the land?  Can a vendee be compelled to pay his money when the vendor has no title, and could give none?

*Campbell & Anderson,* for the defendants in error.

Vick's contract was not good as a contract of purchase, but was good as an agreement to pay rent.  Taylor's L. & T. 545 ; *Stier* v. *Surget,* 10 Smed. & M. 154; *Dennistorn* v. *Potts,* 4 Cushm. 13.

CHALMERS, J., delivered the opinion of the court.

Stripped of unnecessary details, and accepting the verdict of the jury as settling the facts in favor of defendants in error, the legal question presented is this : Where a parol contract for the sale of land is made, under which the vendee goes into possession, with the understanding and agreement that, if he fails to pay the purchase-money at the end of the year, he will pay a stipulated rent, is the vendor bound to tender a deed in making his demand for the purchase-money, before he can maintain distress for the rent?

We answer the question in the negative.  The contract between the parties is void as a contract of purchase, but good as a contract of leasing for one year.  The vendor, therefore, is under no legal obligation, in making demand of the purchase-money, to tender a deed.  The vendee, having in this case confessedly failed to pay, or to offer to pay, the purchase-money, came under the conditional obligation which he had by his contract imposed upon himself, to pay rent.  This, being a valid legal obligation, was enforceable by distress warrant.

Judgment affirmed.