Barton v. Smith.

AFFIRMED.

┌ 66     75│
│132    323┘

## BARTON v. SMITH.

1. **Statute of Frauds:** INTEREST IN REAL ESTATE ACCOMPANIED WITH POSSESSION.   Where defendant was in possession of the land in question under a contract of purchase, it was competent to show that by a subsequent oral contract he relinquished his rights as purchaser, and became a tenant of the vendor, where it is further shown that he continued in possession as a tenant, and paid rent as such.   Such further evidence takes the case out of the statute of frauds.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 24.

ORIGINALLY, this was an action of forcible entry and detainer, commenced before a justice of the peace.    The justice, being of opinion that the title to real estate was involved, certified the case to the circuit court, where the plaintiff filed a petition, and thereby claimed a recovery of the real estate, and rents and damages.    The court found for the plaintiff, and rendered judgment accordingly.    The defendant appeals.

*W. G. Harrison*, for appellant.

*W. F. Conrad*, for appellee.

SEEVERS, J.—The defendant denied the allegations of the petition, and pleaded that in March, 1881, one Harvey owned the premises in controversy, and that he had at that time purchased the same of said Harvey; that the contract of purchase was evidenced by a writing executed by the parties, and that thereby the said Harvey agreed to convey the prem-

ises to the defendant, who entered into possession under the contract. The plaintiff replied that said Harvey and the defendant had orally agreed to cancel said writing, and that defendant became the tenant of Harvey at a stipulated rent, and that he held possession under this contract. Under the written contract, the defendant had an interest in real estate, and the plaintiff introduced evidence tending to prove an oral agreement to cancel the contract. To this evidence the defendant objected, on the ground that, under the statute of frauds, it must be in writing. The court admitted the evidence in connection with the plaintiff's offer to show that the oral agreement to cancel and surrender the title was actually performed in part. This ruling, we do not think, under the circumstances, was erroneous. The defendant, as we have said, was the owner of an interest in real estate, which the plaintiff claims was orally surrendered, and the defendant accepted or retained possession of the premises as his tenant, and as such paid rent. There was evidence fully justifying the court in finding that the claim of the plaintiff was correct. We cannot interfere with such finding, unless the conclusion can be reached that all the evidence in relation to the possession can or should be referred to the holding under the written contract. *Mahana v. Blunt*, 20 Iowa, 142; *Wilmer v. Farris*, 40 Id., 309. But the circuit court has found that there was a change in the possession or holding after the oral contract was made, and that the defendant paid rent thereunder. This takes the case out of the statute of frauds, and it must be

AFFIRMED.