ISH V. MORGAN, McRAE & CO.

UNLAWFUL DETAINER: *Vendor and vendee.*

When, in a contract of sale of land, there is annexed to the obligation of the vendor to convey, a stipulation that upon the failure of the vendee to pay at maturity, he shall pay rent for the land, the parties become landlord and tenant instead of vendor and vendee, upon the failure of the vendee to pay as agreed; and the vendee may, after due notice to quit, be ejected by an action of unlawful detainer, at the suit of the vendor, or of a purchaser under lien.

APPEAL from *Ouachita* Circuit Court.

Hon. B. F. ASKEW, Judge.

*B. W. Johnson*, for appellant.

The relation of landlord and tenant did not exist in this case, and that relationship must exist before the action of unlawful detainer can be brought. *Johnson et al. v. West et al., 41 Ark., 585; Byrd v. Chase, 10 Ark., 602.*

A mortgagee or purchaser under a mortgage or deed of trust has only a right of possession, and cannot bring this action, in order to obtain possession of the premises, and that was all the right plaintiff had in this case. *Necklace v. West, 33 Ark., 682; Anderson v. Mills, 40 Ark., 192; Evertson v. Satton, 5 Wend., 281.*

Unlawful detainer cannot be maintained against one in possession of land under a written or parol contract for its purchase, which he has failed to perform. He is in as owner and not as tenant. *Mason v. Delaney, 44 Ark., 444.*

In the above case the learned judge said: "When one purchases land, or makes an agreement to do so, and enters into possession in pursuance of the agreement, his entry and possession are as owner, and not as tenant." How

did Ish get in possession of the land, if not by purchase? And when did he ever recognize either Robert Hampton or his assignees, W. E. McRae & Co., as his landlord or lords? *Wood's Landlord and Tenant, p. 8, 948; Howard v. Shaw, 8 Meas. and Wels., 118.*

The only remedy that plaintiff had was ejectment, and that suit they could not have brought until twelve months had expired, for defendant had until that time in which to redeem the land sold. *Mansf. Digest, sec. 4759; Daily v. Abbott, 40 Ark., 275; Roberts v. Brown, 40 Ark., 423* See, also, *38 Ark., 257; 31 ib, 296; 13 ib., 448.*

*H. G. Bunn,* for appellees.

Appellees are entitled to all the remedies against appellant that Hampton had. *27 Ark., 460; 41 ib., 535.*

The bond for title and notes constitute the contract of sale and purchase. *4 Ark., 251.*

The only meaning of the conditional clause in the notes is, that if Ish failed to pay the notes when due, then Hampton, or his assignee, might treat the sale as rescinded, and hold Ish for rent as a tenant. On the default to pay the notes he became a tenant, and holding over, appellees had the right to bring this action.

**Unlawful detainer. Vendor and vendee.**

COCKRILL, C. J. The appellees obtained the possession of lands held by the appellant, in an action of unlawful detainer. The only question mooted at the trial that it is necessary to determine, in order to test the correctness of the judgment against the appellant, is, was he at the time the suit was instituted standing in the relation of tenant to the appellees within the meaning of the unlawful detainer act?

The appellant was let into possession of the land by Robert Hampton, the then owner, under a written contract for a conveyance. When this contract was executed he gave his two notes for the payment of this purchase money, due one and two years thereafter, with interest. A deed was to be executed when all the purchase money was paid. The first note contained a stipulation that if it was not paid when due, Ish should pay to Hampton "customary rent" for the use of the land. Prior to Ish's contract with Hampton, the latter had mortgaged the lands to secure a debt due to W. E. McRae & Co., and the mortgage had been duly recorded when Ish acquired his rights. The land was sold under the mortgage and purchased by the appellees. Ish failed to pay his first note, which fell due shortly before they received their deed ; and, after an unsuccessful attempt to agree with him upon the rate he should pay for the occupation of the land, they gave him notice to quit, and brought this action. There was some conflict in the testimony as to whether Ish actually attorned to the appellees and promised to pay them rent for the premises, and it becomes necessary to test the correctnesss of the court's charge to the jury, in which they were, in effect, told that after Ish's failure to pay his first note, he held the land as tenant to Hampton—that such was the effect of the contract between him and Hampton.

The agreement between the parties about the possession must determine the relation between them, and though it consists of two separate and distinct stipulations, they are to be read together as one contract (*Hodges, ex parte, 24 Ark., 197; Nick's heirs v. Rector, 4 ib., 251*), and that contract is competent evidence to establish or rebut the relationship of landlord and tenant. (*Mason v. Delaney, 44 Ark., 444.*) If the contract shows that the defendant was in under an agreement to purchase, the idea of a tenancy

was rebutted, and neither Hampton, nor those succeeding to his rights, could evict him by the summary process of unlawful detainer, although he had not strictly complied with the contract of purchase. (*Mason v. Delancy, sup.; Necklace v. West, 33 ib., 682; McCombs v. Wallace, 56 N. C., 481; Nightingale v. Barnes, 47 Wis., 389; C. B. & Q. Ry. v. Skupa, 16 Neb., 341.*) But if, on the other hand, the mean-ing of it is that he is to pay rent, or a compensation for the use of the land, then he was a tenant (*Sanders v. Musgrave, 6 B. & C., 524; S. C., 13 Eng. Com. Law Rep., 240*), and as he held over after the expiration of his term, he could be evicted by the remedy here adopted.

The first stipulation of the contract is one of purchase and sale. It binds the vendor to convey to the defendant; but to the terms of this agreement there is annexed the condition that in case of failure in the performance of the agreement to pay the first installment of purchase money, the intended vendee shall thereafter pay rent for the use of the land. It was certainly competent for the parties to enter into a binding agreement of this nature. (*Wells v. Smith, 2 Edw. Chy., 78, S. C., 7 Paige, 22.*) The vendor being unwilling to take the hazard of losing both princi-pal and interest of the purchase price and the rent of the land as well, may make a sale upon condition, and give the vendee an option to hold as purchaser or as tenant after a given day. The vendee here has in effect agreed that his rights shall depend upon the scrupulous adherence to the engagement he made to pay the purchase price, and that time should be a matercial consideration in the contract. The contingency thus provided for by the vendor had occurred when the notice to quit was given, and the de-fendant was then holding possession under his agreement to account to the owner for the rental value of the lands.

As was said by the Supreme Court of Mississippi in a case the facts of which are almost identical with those we are considering: "The vendee having in this case confessedly failed to pay the purchase money, came under the conditional obligation which he had by his agreement imposed upon himself to pay rent. This being a valid and legal obligation was enforceable by distress warrant." (*Vick v. Ayers, 56 Miss., 670.*) In that case the contract to purchase was in parol, but in our judgment that is immaterial, because in an action which depends upon the existence of the relationship of landlord and tenant between the parties, the contract upon the faith of which the one enters and holds under the other, may be proved for the purpose of elucidating that question, whether it is written or in parol. *Mason v. Delancy, supra; Carpenter v. U. S., 17 Wall., 489.*

In the case of *Stinson v. Dousman, 20 How., 461,* where there was a covenant to sell land upon condition that the purchase money should be paid in installments, and other acts, such as paying taxes and effecting insurance, should be performed by the covenantee, on failure to perform which, rent was to be charged; and the covenantee entered into possession under the contract, but failed to execute his part of it, it was held that he was holding as tenant, and was chargeable with rent.

And in *Saunders v. Musgrave, supra.,* Lord Tenterden held that the relation of landlord and tenant existed between the parties to a contract not unlike this. See *Taylor's Landlord and Tenant, sec. 25 and note; Dunham v. Townsend, 110 Mass., 440; Blanchard v. McDougal, 16 Wis.' 167; Gault v. Stourmont, 51 Mich., 636; Wells v. Smith, sup*

The case of *Walters v. Myers, 39 Ark., 560,* is not inconsistent with this view, for in that case what was denominated rent by the parties was in fact only interest upon

27-48

the purchase money.    There the vendee was to pay a sum "not for the use of the land, grounded on the estimated value of such use," as was said in *Dakin v. Allen, 8 Cush., 33;* "but as forbearance for payment of a sum of money for which he had given his note."

We must conclude, then, that at the time the appellees became owners of the land, the relation of landlord and tenant subsisted between the defendant and Hampton, the former owner.    It is not material to consider what equitable rights the defendant may have had for relief against the non-performance of his engagement at the stipulated time.    (See *Atkins v. Rison, 25 Ark., 138.*)    His contract was made subject to the mortgage under which the appellees purchased, and their title relates to the date of its execution ; and the defendant did not undertake to do more than rely upon the terms of his agreement with Hampton to rebut the idea of a tenancy.    In this he must fail. The appellees by their purchase succeeded to Hampton's rights, according to the repeated decisions of this court, and could maintain the action of unlawful detainer against his tenant holding over after the expiration of his term. *Mason v. Delancy, supra.; Johnson v. West, 4 Ark., 535 ; Halliburton v. Sumner, 27 ib., 460; Bradley v. Hume, 18 ib., 284; Frank v. Wedrick, ib., 304.*

The court's charge was not erroneous and the judgment is affirmed.