Gates Lumber Co. v. Todd.

---

### GATES LUMBER COMPANY v. TODD.

[No. 2,718.    Filed March 31, 1899.]

PRACTICE.—*Defenses.—Actions Originating Before Justice of Peace.*— In an action originating before a justice of the peace all defenses except the statute of limitations, set-off, and matter in abatement are admissible without being specially pleaded. *p. 150.*

SAME.—*Verdict.—Interrogatories.*—A general verdict must stand as against answers to interrogatories unless the answers to the interrogatories established the cause of action against any and every defense admissible in evidence. *p. 150.*

From the Tipton Circuit Court. *Affirmed.*

*E. A. Mock* and *T. M. Butler,* for appellant.

*C. H. Gifford* and *L. B. Nash,* for appellee.

BLACK, C. J.—This was an action brought by the appellant against the appellee, commenced before a justice of the peace, to recover the price of sixty and one-fourth thousand shingles, being part of a carload of lumber and shingles sold and shipped by the appellant to the appellee, the account stating the particulars and price filed with the complaint bearing date April 27, 1895, at Wilman, Arkansas.

There was an answer in denial, and there was also a special answer, admitting that the appellee ordered from the appellant certain materials, and that the car containing these materials be filled out with sound, good selling shingles; that in pursuance of this order the appellant shipped to the order of the appellee at Windfall 60,000 shingles, which were not all sound or good sellers, but were worthless. It was alleged that the appellee refused to accept the shingles, for the reason that they were not of the kind ordered; that afterward the appellant proposed to allow the appellee to sell

the shingles for the appellant, the appellee to receive therefor forty per cent. commission upon the shingles sold; that he sold some of them, but had not collected any money for the sale thereof, and he had no money on hand belonging to the appellant; and that the bulk of the shingles still remained upon the appellee's yard, and could not be sold.

The cause was tried by jury, and a general verdict for the appellee was returned, with answers of the jury to interrogatories. The appellant's motion for judgment for $81.34 on the interrogatories and answers thereto, notwithstanding the general verdict, was overruled. It was specially found that the appellant on the 6th day of April, 1897, was, and it still is, a corporation organized under the laws of the state of Arkansas. The third and fourth interrogatories with the answers thereto were as follows: "(3) Did the defendant, Ezra N. Todd, order of the plaintiff, on the 6th day of April, 1895, 60,000 shingles? Answer; No." "(4) Did the plaintiff, on or about the 27th day of April, 1895, in pursuance to said order, ship the defendant 60,000 shingles, and deliver the same to the defendant on board the cars at Windfall, Indiana, at $1.35 per thousand? Answer, Yes."

It was further found that after said shingles arrived at Windfall, the appellee unloaded the same from the car and hauled them to his lumber and mill yard, and there stacked them, and offered them for sale to divers persons; that he did sell some of them; that he had not paid the appellant for the shingles so shipped and delivered to him. In answer to the interrogatory, "What is the value of the shingles sold by the defendant out of this lot so shipped to him by the plaintiff?" the jury answered: "No evidence in regard to value."

It was further found, that, after the shingles were shipped to the appellee, he did not propose to the appellant that the appellee would sell the shingles for the appellant for forty per cent. commission, to be paid him by the appellant, and that the appellant did not at any time accept any offer made him by the appellee to sell the shingles on such a commission.

The action having originated before a justice of the peace, all defenses were admissible without being pleaded, except the statute of limitations, set-off, and matter in abatement. Sections 1461, 1502 Horner 1897.

The general verdict must stand, unless the answers to interrogatories establish the cause of action against any and every defense admissible in evidence.

It does not appear that a price was agreed upon, or that any account was rendered and acquiesced in by the appellee; nor is the value of the shingles delivered shown. It might have been true, notwithstanding what it found specially, that the appellee objected to the shingles sent him, and that his objection was justified by the inferior quality of the shingles, and that thereupon there was an agreement between the parties that the shingles should remain with him as agent for the sale thereof, and that he had not received any payment for shingles sold. Such evidence would defeat a recovery in the suit for the price of goods sold.

It is true that the answers to interrogatories show a shipment of 60,000 shingles upon an order of the appellee, and that some of them had been sold, and so far as such portion is concerned, it may be presumed that the shingles were not wholly worthless; but the facts affirmatively shown do not necessarily establish a cause of action to the exclusion of possible defenses, or override the general verdict.

We have read the evidence, in which we find some conflict. There was, however, evidence from which the jury might find that there was never any acceptance of the shingles shipped to the appellee, and that there was sufficient reason for his rejection of them. There were many propositions and offers and demands in letters from each party to the other, from which it does not appear that there was any definite agreement; but the jury might find that the doings of the appellee after his rejection were not such as to amount to an acceptance of the shingles, or to make him the owner

thereof by absolute sale. We are unable to say that there was not sufficient evidence to sustain the verdict. Judgment affirmed.

Wiley, J., absent.