## PRATHER *v.* BRANDON.

[No. 6,752. Filed June 3, 1909.]

1. CONTRACTS.— *Construction.—Terms.*—In construing a contract the courts will give effect to the provisions thereof, rather than to any name that may have been given to it by the parties. p. 49.
2. CONTRACTS.—*Sales.—Real Property.—"Lease."—"Rent."*—A contract of sale of real estate, the purchase price to be paid in instalments, is not changed to one of tenancy by the words "lease" and "rent" used therein. p. 50.

3. CONTRACTS.—*Sales.*—*Real Property.*—*Vendor and Purchaser.*— *Landlord and Tenant.*—A contract by which a purchaser of real estate agreed to pay the purchase price of the real estate in instalments, and in default of the making of such payments he was to vacate and surrender the premises, all sums paid to be held by the vendor "as rent for said premises and as liquidated damages," does not create the relation of landlord and tenant between such vendor and purchaser. p. 50.

4. JUSTICES OF THE PEACE.—*Jurisdiction.*—*Title to Real Estate.*— Where the rights of a vendor and his purchaser are involved in an action, a justice of the peace has no jurisdiction. p. 50.

5. COURTS.— *Circuit.*— *Justices.*—*Jurisdiction.*—*Appeal.*—Where a justice of the peace had no jurisdiction of an action, the circuit court obtained none on appeal therefrom. p. 50.

6. JURISDICTION.—*Raising Question of.*—*Subject-Matter.*—The jurisdiction of the court over the subject-matter of an action may be raised at any time, with or without motion; or the court, of its own motion, may raise the question. p. 50.

From Marion Circuit Court (15,178); *Henry Clay Allen,* Judge.

Action by Ernest L. Prather against Alonzo D. Brandon. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Charles B. Clarke, Walter C. Clarke* and *Clement M. Holderman,* for appellant.

*Averill & Collins,* for appellee.

ROBY, P. J.—This action was brought by appellant against appellee before a justice of the peace for the possession of real estate, in accordance with §8071 Burns 1908, §5225 R. S. 1881. Judgment was rendered for the defendant, and an appeal was taken to the circuit court, where a second paragraph of complaint was filed, a trial was had, and judgment again rendered for defendant.

Overruling a motion for a new trial is relied upon as error.

On July 17, 1905, appellant and appellee executed "articles of agreement," wherein appellee agreed to pay to appellant $20 cash, and $20 per month until ten payments were

made, and then to make payments of $10 per month. When appellee had paid $500, together with all taxes, insurance and assessments of all kinds, and interest at the rate of six per cent on the unpaid balance of $1,000, appellant agreed to deliver to appellee a deed to lot No. 29, block 24, in North Indianapolis. Whereupon appellee was to execute and deliver to appellant negotiable promissory notes of $10 each, bearing interest and attorneys' fees, due each successive month, and for the amount of the unpaid portion of $1,000, together with six per cent interest on all unpaid portions of $1,000 up to the date of the deed, and also to execute and deliver a mortgage upon the lot to secure the payment of the notes. It was agreed that appellee should have the right to possession of the premises, subject to conditions and reservations stated. Upon failure to pay the monthly sums, taxes, insurance or other liens when due and payable, and on continuation of such default for sixty days, or on failure to keep said property in good repair, appellee's right to possession was to cease, and he was to vacate and surrender possession to appellant, the contract further providing that

"any and all sums of money paid to said Ernest L. Prather, as provided hereinbefore, shall belong to said Ernest L. Prather absolutely, and shall be held and owned by said Ernest L. Prather as rent for said premises and as liquidated damages, and said Ernest L. Prather shall be relieved from all further liability, and this contract shall at once terminate."

It was further provided that the instrument should be void after the execution of the deed, the rights of the parties being merged therein; that appellee was to pay all charges, taxes, insurance and assessments, etc.; that the total amount to be paid was $1,000, and, in addition thereto, interest on deferred payments, taxes for 1905, and municipal assessments, repairs and insurance. The money was payable without relief from valuation or appraisement laws. Appellee had the privilege of paying the full amount at any time,

The contract was not assignable without the written consent of appellant.

The only question necessary to be determined is whether the justice of the peace had jurisdiction, and this depends upon whether the relation of landlord and tenant was created between the parties. §8071, *supra.*

In *Baltes Land, etc., Co.* v. *Sutton* (1900), 25 Ind. App. 695, 697, it was said: "Appellant went into possession under a contract which, if fully performed by it, would result in its ownership of the land. But if it failed to perform the agreement the stipulated payments were to become rent. It is quite true that if a person goes into the possession of real estate under a contract to purchase, he does not thereby become the vendor's tenant so as to become liable for rent in case the contract is rescinded. *Hopkins* v. *Ratliff* [1888], 115 Ind. 213. But we know of nothing to prevent the parties from agreeing that, although the contract is originally one of purchase, it may become, under certain conditions therein named, a lease. It is a matter about which the parties might rightfully contract and the contract when made may be enforced." The contract in that case contained the following provision: "That in case of the failure of the party of the second part (Cook) to make either of the payments, or any part thereof, or perform any of the covenants on his part hereby made and entered into at the time and in the manner herein provided, this contract shall become and is hereby made a lease of the above described tract from first party hereto to second party, and the payments herein specified for shall be and are hereby made a rental for said premises for the several terms between the times of said payment." The provision just quoted, which differs materially from the proviso contained in the contract under consideration, explicitly creates the relation of landlord and tenant.

Beyond the citation of this case, no pertinent authorities are cited. There are many reported cases in point. Some

of these involve contracts for a purchase of real estate, stipulating that in case of a failure in payment the contract should be considered a lease, and the amounts paid in as rent (*Wright* v. *Roberts* [1867], 22 Wis. 161; *Vick* v. *Ayres* [1879], 56 Miss. 670; *Eaton* v. *Hunt* [1898], 20 Ky. Law 860; *Block* v. *Smith* [1895], 61 Ark. 266, 32 S. W. 1070); some involve contracts of purchase, the parties to which, upon default, have entered into a lease agreement (*Riley* v. *Jordan* [1876], 75 N. C. 180; *Smith* v. *Fouche* [1875], 55 Ga. 120; *Barton* v. *Smith* [1885], 66 Iowa 75, 23 N. W. 271; *Moore* v. *Smith* [1894], 56 N. J. L. 446, 29 Atl. 159); and some involve a lease contract, with a provision that, when a certain amount has been paid in, the lease shall terminate and a transfer of title be made (*Crinkley* v. *Egerton* [1893], 113 N. C. 444, 18 S. E. 669; *Blanchard* v. *Raines* [1884], 20 Fla. 467; *Foster* v. *Goodwin* [1886], 82 Ala. 384, 2 South. 895). In all of them it appeared in unambiguous terms that the relation of landlord and tenant existed. See, also, note to *Griffith* v. *Brackman* (1896), 49 L. R. A. 435.

The contract herein bears analogy to the well-known "payment" system, or "lease sales" of household goods and other chattels. The policy of the courts has been to give

1. effect to the contract as it really is, and not to any name by which it may be called. "Courts will always look to the purpose to be attained by the contract, rather than the name given to it by the parties, in order to determine its real character." *Hervey* v. *Rhode Island Locomotive Works* (1876), 3 Otto 664, 674, 23 L. Ed. 1003. "To determine what the real status of the parties is, it is necessary to look behind mere technical terms employed in drawing a contract, and gather from the whole instrument what was the real relation established between them." *Blitch* v. *Edwards* (1895), 96 Ga. 606, 610, 24 S. E. 147. Where the transaction between the parties is in reality and in its legal

2. effect a contract of sale conditional upon the payment of the purchase price in successive instalments, it cannot be modified, nor its legal effect avoided, by the fact that they speak of it as a "lease" and call the instalments "rent." 3 Am. and Eng. Ency. Law, 426; *Puffer* v. *Lucas* (1893), 112 N. C. 377, 383, 17 S. E. 174, 19 L. R. A. 682; cases cited in 6 Am. and Eng. Ency. Law (2d ed.), 447.

*Baltes Land, etc., Co.* v. *Sutton, supra,* is authority on the proposition that a contract for the sale of real property, which, under certain circumstances, becomes a lease, 3. can be made. But there is no reason for holding the contract between appellant and appellee to be of this double nature, unless its terms clearly require it. The amount to be forfeited is designated both as "rent" and as "liquidated damages." With no other provision in the contract of sale than the mere designation of the sum paid in under certain circumstances as "rent," it cannot fairly be held that the relation of landlord and tenant was created.

The justice of the peace did not have jurisdiction of the action. When a justice has no jurisdiction of a case, 4. the circuit court will not acquire any jurisdiction over the same on appeal. *Mays* v. *Dooley* (1877), 59 Ind. 5. 287; *Horton* v. *Sawyer* (1877), 59 Ind. 587; *Goodwine* v. *Barnett* (1891), 2 Ind. App. 16. Questions as to jurisdiction over the subject-matter may be raised at any time, without a formal motion or bill of excep- 6. tions (*McCoy* v. *Able* [1892], 131 Ind. 417; *Debs* v. *Dalton* [1893], 7 Ind. App. 84), and courts of their own motion may raise the question of jurisdiction, and refuse to proceed in the case (*Ridge* v. *City of Crawfordsville* [1892], 4 Ind. App. 513; *Huber* v. *Beck* [1893], 6 Ind. App. 47).

The judgment is reversed and the cause remanded, with instructions to dismiss the action at appellant's cost.