## MILLER v. CITIZENS BUILDING AND LOAN ASSOCIATION OF BRAZIL, INDIANA.

[No. 7,544.    Filed April 5, 1912.]

1. PLEADING.—Abatement.—Demurrer.—Where matter in abatement is not pleaded under oath, as required by §§371, 1749 Burns 1908, §§365, 1460 R. S. 1881, the plea is demurrable.   p. 133.

2. PLEADING.—Answer.—Matter in Bar of Action.—Demurrer.—Action Originating Before Justice of the Peace.—In an action originating before a justice of the peace all matters of defense, except the statute of limitations, set-off, and matters in abatement, are admissible in evidence without being specially pleaded, and sustaining a demurrer to an answer in bar of such action is harmless.   p. 133.

3. JUSTICES OF THE PEACE.—Jurisdiction.—Action for Possession.—Landlord and Tenant.—Under §8071 Burns 1908, §5225 R. S. 1881, a justice of the peace has jurisdiction coextensive with the territorial limits of his county, and unlimited as to amount, in an action for possession by the landlord against a tenant unlawfully holding over.   p. 134.

4. CONTRACTS.—Construction.—Province of Court.—Where the contract sued on was in writing, it was in the province of the court to construe same.   p. 134.

5. LANDLORD AND TENANT.—Lease.—Agreement of Sale.—Validity.—A lease contract containing a provision for the sale of the premises to the tenant may be enforced.   p. 135.

6. LANDLORD AND TENANT.—Lease.—Agreement of Sale.—Construction.—Relation of Landlord and Tenant.—A contract, drawn in the form and language common to all lease contracts, with the

exception that it contains a provision for a sale and conveyance to the party taking possession by virtue thereof, upon his full compliance with its provisions, is in effect a lease creating the relation of landlord and tenant between the parties thereto. p. 135.

7. APPEAL.—*Reversal.—Excessive Damages.*—A cause will not be reversed simply because the damages awarded are excessive, where the amount of such excess is less than one dollar. p. 137.

From Putnam Circuit Court; *John M. Rawley,* Judge.

Action by the Citizens Building and Loan Association of Brazil, Indiana, against Andrew F. Miller. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Albert E. Payne* and *Warren E. Payne,* for appellant.
*E. S. Holliday* and *Frank A. Horner,* for appellee.

MYERS, J.—This was an action commenced by appellee against appellant before a justice of the peace for the possession of certain real estate. Appellee had judgment before the justice, and appellant took an appeal to the Clay Circuit Court. The venue was changed to the court below, where the issues were submitted to a jury, and a verdict returned in favor of appellee for the possession of the real estate described in the complaint, and assessing damages in its favor for the detention thereof. The judgment was in accordance with the verdict.

Appellant's motion for a new trial was overruled, and this ruling and the ruling sustaining a demurrer to appellant's plea in abatement are separately assigned as error.

1. The matter in abatement was not pleaded under oath, as required by §371 Burns 1908, §365 R. S. 1881, or §1749 Burns 1908, §1460 R. S. 1881, and for that reason the plea was demurrable. The pleading was not in bar, but if so, the sustaining of a demurrer to it was harmless, for the reason that all matters of defense, except

2. the statute of limitations, set-off, and matters in abatement were admissible in evidence, without being specially pleaded. §1749, *supra; Gates Lumber Co.* v. *Todd* (1899), 22 Ind. App. 148, 53 N. E. 385.

Appellant insists that the justice did not have jurisdiction. Answering appellant's contention in this respect, it is settled by legislative enactment that in actions for the possession of land brought by the landlord against the tenant, who shall unlawfully hold over, the jurisdiction of a justice of the peace is unlimited as to amount, and coextensive with the territorial limits of his county. §8071 Burns 1908, §5225 R. S. 1881; *Scott* v. *Willis* (1890), 122 Ind. 1, 23 N. E. 786; *Sturgeon* v. *Hitchens* (1864), 22 Ind. 107.

In this case, the complaint before the justice shows that the relation of landlord and tenant existed, and from the record we learn that the title to the land was not put in issue by plea supported by affidavit, nor did the proof on trial put it in issue, unless it can be said that the contract introduced in evidence was thus effective. Any question in this respect is fully presented by instruction five, given by the court to the jury, and assigned as one of the causes in support of the motion for a new trial. That instruction reads as follows: "The court instructs you that the contract entered into between the plaintiff and defendant and which has been introduced in evidence, creates the relation of landlord and tenant between the plaintiff and defendant, and if you find that defendant took possession of said property under said contract then he became the tenant of the plaintiff in this case." The contract being in writing, it was the province of the court to construe it. It was dated October 2, 1908, and purports to be a lease by appellee to appellant of certain real estate in Clay county, particularly described, for a period of six years and two months from October 1, 1908. By its terms, appellant agreed to pay appellee a yearly rental of $171, payable in monthly installments of $14.25, and all taxes and assessments charged against the premises leased, and keep the buildings insured for $750 during the term of said tenancy. On the expiration of the time of appellant's tenancy, or on his default or

failure to pay the rental, taxes or premium for insurance when the same shall mature, it was agreed that his tenancy so created shall cease and determine, and appellee shall thereupon have the right to reënter and take possession of said premises. The contract also provides "that upon the full compliance of all the conditions of this contract by said second party [appellant] said first party [appellee] agrees to sell and convey said premises to said second party by a deed containing covenants of warranty; but nothing contained in this contract shall be construed as a contract of sale, and in the event that said second party shall fail to comply with, and perform all the conditions and stipulations of this contract all moneys paid by the terms aforesaid shall be construed as rental for the use of said premises, and shall be forfeited to said first party."

The contract is one the parties had a right to make and have enforced. While it contains a stipulation whereby appellee, at a time fixed, agreed to sell and convey the land to appellant, yet the latter's right in this regard is made to rest on his full compliance with that part of the contract unmistakably a lease, and which, standing alone, creates the relation of landlord and tenant. With the one exception, the form and language used by the parties are common to all lease contracts, and the legal effect is generally well understood. Therefore, looking at the parties as they appear before us, in connection with their expressed intention, it may be said that their ultimate purpose is plain—one to sell, and the other, ownership of the premises in question. But the agreement to sell was not to be effective until full performance by the lessee of the conditions imposed on him. In this respect he utterly failed.

In the case of *Wright* v. *Roberts* (1867), 22 Wis. 161, the contract was much more favorable to appellant's contention than the one at bar, and in that case it was said: "It is true, that in such cases, the primary object of the contract is not to lease the property, but to sell it. But as human affairs

are proverbially uncertain, it is not only competent but reasonable for the parties to anticipate the possible failure of the principal object, and to provide for the relation which they shall hold to each other contingent upon that event.''

In this case, the contract, in effect, expressly provides that appellant shall have and hold possession of the premises as a tenant, and in this particular it is more reasonably susceptible to the construction placed on it, than was the contract before this court in the case of *Baltes Land, etc., Co.* v. *Sutton* (1900), 25 Ind. App. 695, 57 N. E. 974, which clearly authorized the instruction now under consideration. In that case it was said: ''But we know of nothing to prevent the parties from agreeing that, although the contract is originally one of purchase, it may become, under certain conditions therein named, a lease. It is a matter about which the parties might rightfully contract and the contract when made may be enforced. Appellant, as assignee of the contract, went into possession whereby it might ultimately become the owner of the land. It could become such owner only by compliance with the contract, and making the payments therein provided. But it made default in the payment due July, 1898. The contract provided for this default, and from its express terms, appellant having taken possession, the conclusion necessarily follows that the relation of landlord and tenant then existed.''

The provision in the case last cited was again considered by this court in the case of *Prather* v. *Brandon* (1909), 44 Ind. App. 45, 88 N. E. 700, and there held to ''explicitly create the relation of landlord and tenant.'' The instruction was not erroneous.

Lastly, it is insisted that the amount of recovery was erroneous, it being too large. It is conceded that there is evidence from which the jury might have found that the rent was paid only to January 1, 1909. The trial was had September 28, 1909. The monthly rental was $14.25, and the damages assessed, $128.25. The judgment was entered

October 8, 1909. The statute, in a case like this, expressly provides that damages "shall be estimated up to the time of each trial." §8082 Burns 1908, §5236 R. S. 1881. See, also, *White* v. *Stellwagon* (1876), 54 Ind. 186. It may

7. rightfully be said that the verdict of the jury is excessive in a sum less than $1. But on the whole case, we do not feel justified in reversing the judgment, and sending the cause back for a new trial on an error involving such a small amount.

Judgment affirmed.

Note.—Reported in 98 N. E. 70. See, also, under (1) 31 Cyc. 527; (2) 31 Cyc. 358; (3) 24 Cyc. 454; (4) 9 Cyc. 591; (5, 6) 24 Cyc. 1021; (7) 3 Cyc. 445. As to option to purchase given by lessor to lessee, see 118 Am. St. 598. On the question of lease of land as conveyance, see 11 L. R. A. (N. S.) 99. For lease as conveyance within meaning of recording statutes, see 24 L. R. A. (N. S.) 879.