McCONNELL v. SEBASTIAN COUNTY, GREENWOOD DISTRICT.

Opinion delivered June 14, 1920.

TAXATION—UNMATURED RENT NOTES.—An instrument whereby a land owner leased land for a specified period under an agreement requiring him to execute a warranty deed to the lessee upon the latter's payment of the stipulated rental during all of such period *held* a lease with option to the lessee to purchase by continuing the payments for the full term, and not a contract for sale, and the rental notes until maturity are not taxable under Kirby's Digest, § 6902.

Appeal from Sebastian Circuit Court, Greenwood District; *John Brizzolara*, Judge; reversed.

*A. M. Dobbs*, for appellant.

The contract was nothing more than a lease creating the relationship of landlord and tenant and not that of vendor and vendee, as it is not a sale. The notes were rent notes and not taxable. 92 Ark. 324; 122 S. W. 1002; Kirby & Castle's Digest, § 6902. It is clear this was not a sale but a mere lease. 6 A. & E. Enc. L., p. 500, par. 4-5; 22 Wyo. 336; Am. Ann. Cases 1917 C. 120; 76 Ark. 378. Under the contract a mere lease and rent notes were executed and the rent notes are not taxable and the court erred in sustaining the demurrer.

McCULLOCH, C. J. Appellant began this proceeding in the county court by filing a petition praying for a correction of his personal assessment made by the township board of assessors. The assessment list, of which appellant complains, includes certain promissory notes executed to appellant by J. S. Woods and wife, and the assessors listed the property for taxation on the theory that the notes were executed for the purchase price of real estate. The contention of appellant is that they were immature rent notes and not subject to taxation for the year in which the assessors listed them. Appellant owned certain lots in the town of Hartford, and he entered into a written obligation with Woods and wife, as follows:

"Know all men by these presents: This indenture, made and entered into by and between Joseph A. McCon-

nell and Rachel S. McConnell, his wife, hereinafter called
lessors, and J. S. Woods and Sarah E. Woods, husband
and wife, hereafter called lessees, all of Hartford, Ark-
ansas, this 10th day of October, 1918, which term, lessors
and lessees, shall be taken to mean heirs, executors, and
administrators, wherein the context will admit. Wit-
nesseth:

"That, for and in consideration of the mutual agree-
ments, conditions and covenants, hereinafter set out, the
lessors hereby leases, lets and demises to the lessees for
a period of seven years, beginning on the 1st day of Oc-
tober, 1918, all the following described lands lying in the
Greenwood District of Sebastian County, State of Ark-
ansas, towit:

"Lots seven, eight, nine, ten, eleven and twelve, in
block thirteen, original town of Hartford, to have and to
hold to the said lessees for the period of this lease, to-
gether with all privileges, improvements and appurte-
nances thereunto belonging, except the barn now located
thereon which lessor may remove.

"The said lessees covenant with the said lessors that
they shall cause to be paid the lessors the sum of twenty-
five dollars per month for the period of this lease, com-
mencing payment on the first day of each month after
this lease date and promptly pay the said sum when due;
that the said lessees shall keep said place in repair and
pay all taxes of whatsoever kind that may be assessed by
State, county or city and improvement taxes of all de-
scriptions which may become due, and shall keep said
premises insured against loss by fire in some reputable
insurance company for the full period of the lease in such
sum as may be deemed within the amount allowed by law
and the value of the property, and shall further commit
no waste nor sublet nor assign this lease without written
consent of the lessors.

"The lessors hereby covenant with the lessees that
they shall have quiet enjoyment of the said premises for
the period of said lease upon prompt performance of the
covenants and agreements made by them, and the said les-

sors further agree and bind themselves as a part of the consideration of this contract that if the said lessees shall well and truly perform their covenants, agreements and promises herein contained for the full period of this lease, that at the expiration thereof the said lessors shall cause a good and sufficient warranty deed to be executed to the said lessees, clear and free from all incumbrances and warranting and defending to the said lessees the title in fee to the aforesaid premises.''

The question in the case is whether or not the notes executed pursuant to the above contract were rent notes or purchase money notes, for if of the former character they were not taxable according to the terms of the statute, which provides that a person shall not be required to list for taxation any obligation for the payment of rent, except that portion which has ''accrued on the lease and shall remain due and unpaid at the time of listing.'' Kirby's Digest, sec. 6902. We are of the opinion that the proper interpretation of the contract is that it constitutes a lease with an option to purchase by continuing the payments for the full term. The parties had the right to make either a lease contract or a contract for sale, and they elected to put it in the form of a lease, so that the relation of landlord and tenant should subsist until the final payment when under the contract itself that relation should be changed into that of vendor and purchaser. *Ish* v. *Morgan,* 48 Ark. 413. The lawmakers, in the enactment of the statute referred to above, undertook to classify the property which should be subject to taxation and drew the line between immature rent notes and other obligations. Since the parties themselves in making the contract elected to create the relation of landlord and tenant, so that the notes executed pursuant thereto constituted rent notes, the State is bound by that election and can not exact the payment of taxes which would amount to a change in the nature of the obligation created by the parties themselves.

The circuit court was not correct in its decision upholding the assessment, and the judgment is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.