## BERNSTEIN v. RHOADES.

[No. 12,862.   Filed June 30, 1927.   Rehearing denied October 6, 1927.
Transfer denied June 26, 1931.]

*Jackiel W. Joseph* and *Jacob Morgan*, for appellant.
*John W. Bowlus*, for appellee.

THOMPSON, C. J.—Appellee brought this action in the municipal court of Marion County to recover possession of real estate and for damages. There was an answer in three paragraphs, the first being a general denial, the

second alleging that the appellee was not the real party in interest, and the third, a counterclaim, wherein it was averred that the appellee, Emily E. Rhoades, was indebted to appellant in the sum of $3,600 for money had and received by said appellee for the use and benefit of appellant. A reply in general denial to the second paragraph of answer and an answer to the counterclaim were filed. There was a trial by the court and a special finding of facts with conclusions of law thereon stated in favor of appellee for the possession of the real estate described in the complaint, and $25 attorney fee.

Appellant's motion for a new trial was overruled, to which ruling exception was taken. The errors assigned for reversal are: (1) The action of the court in overruling the demurrer to the complaint; (2) the action of the court in overruling the motion for a new trial; (3) the court erred in its conclusions of law.

In the special finding of facts, the court found as follows: That, at the time of the commencement of this action, appellee was the owner of lot No. 15, in Morton Place, an addition to the city of Indianapolis; that, on September 25, 1922, appellee and appellant entered into a written contract, a copy of which is attached to and made a part of the complaint; that, by the terms of said contract, appellee leased to appellant said real estate at a rental of $100 per month, payable in advance on the 28th day of each month, for a term beginning October 28, 1922, and that said lessee should pay said rent promptly when due; that lessee should use said premises well, and keep the same in good condition and repair at all times, and that the lessor should have the right, at any time, to enter upon said premises for the purpose of inspecting the same; that lessee should not assign nor sublet said premises without the written consent of the lessor; that lessee should not make any alterations or additions to the buildings without the written consent of the lessor; that

said premises should be used for dwelling purposes only, and be kept by the lessee conformable to all ordinances. of the city of Indianapolis; that if the lessee in any way should increase the insurance hazard of the buildings, he should pay the additional cost of insurance; that the lessee should pay all fire and tornado insurance premiums from the date of the lease; that, in the event the lessee defaulted any of the stipulated payments and suit was brought, the lessee should pay reasonable attorney fees; that lessee consents that Emily E. Rhoades, the holder of the lease with option to purchase lot No. 15, in Morton Place, in the city of Indianapolis, can sell said lease with option to purchase to Hilda Thelma Bernstein, but it is understood and agreed that she does not relinquish any right, title or interest in said lease with option to purchase with said Emily E. Rhoades; that it is agreed between lessor and lessee that, for a violation of any of the terms and conditions herein by lessee, or upon lessee's failure to perform any of the terms and conditions herein specified, then, and in either of said events, and without previous notice or demand, this lease shall, at the option of the lessor, be forfeited, and lessee shall, upon such failure, forfeit and lose all right, title and interest in and to said lease, and said real estate, and the right to use and occupy the same, and the right to exercise the option herein to purchase, shall thereupon, at the election of the lessor, be terminated and lost to lessee, and lessee's possession of said real estate from and after any such failure shall be unlawful and without right, and such possession shall give lessee no right whatsoever, but he may be expelled at any time after such forfeiture of this lease. It is further stipulated that, in consideration of $100 paid to lessor by lessee, lessee is given an option to purchase said real estate at and for the sum of $9,000, with interest thereon at seven per cent, computed semiannually, and if said option is exercised, credit shall be

given on said purchase price for the cash payment of $100 for the consideration of this option, and lessee shall also have credit on said purchase price for a sum equal to the monthly rental payments theretofore paid, and the balance of said purchase price to be paid in cash, or if said lessee pays one-half of said purchase price in cash, including the amounts of monthly rental payments credited thereon, then lessee shall execute negotiable promissory notes for the balance of purchase price, bearing seven per cent interest per annum, payable semi-annually, due in one, two and three years from date, and shall execute a mortgage on the real estate to secure the notes, at which time said lessor agrees to furnish abstract of title. In the event, however, that said lease is forfeited, or lessee's right and interest therein is lost by lessee's failure to comply with the terms and provisions thereof, or in the event of said lessee's failure to exercise this option, having the right to do so, then said cash payment for this option shall be retained by lessor as and for the consideration for this option and the right thereby given; that if said lessee shall exercise this option to purchase said real estate and pay said purchase price aforesaid, together with taxes, municipal and park assessments paid by lessor during the term of this lease, then lessor binds himself to convey to lessee said real estate by warranty deed, subject to taxes, etc., accruing after date of such deed; that lessor is to pay all taxes and insurance premiums during the life of the lease with option to purchase, but the lessee shall be chargeable with said taxes and insurance premiums which are to be deducted from the monthly payments after deducting all interest, taxes and insurance premiums to be credited on the premium.

We need not consider the action of the court in overruling the demurrer to the complaint, since the same

question is involved therein as in the conclusions of law as stated by the court on the facts found.

Appellant earnestly contends that the contract entered into between the parties was an agreement to sell the real estate, and not a lease with an option to purchase, and that appellant had an interest in the real estate from the time of the execution of the contract; that the relation of landlord and tenant never existed, hence the municipal court of Marion County had no jurisdiction to try the case. The act creating said court, §1725 Burns 1926, provides that said courts shall have jurisdiction in the following cases: "Also jurisdiction, irrespective of the value of the property sought to be recovered, in possessory actions between landlord and tenant. Such court shall have no jurisdiction in actions involving the title to or the partition of real estate, or to declare or enforce any lien thereon," etc.

In *Prather* v. *Brandon* (1909), 44 Ind. App. 45, 88 N. E. 700, cited by appellant as supporting her contention, the court properly held that the contract there involved was a contract for the sale of real estate, and the party went into possession under said contract, and the relation of landlord and tenant never existed, hence the justice of the peace, before whom said action was begun, had no jurisdiction. We hold, however, that, in the case at bar, the court below properly construed the contract involved to be a lease of the real estate with an option to purchase the same upon full compliance with the terms of said contract.

The trial court, in its special finding, found that appellant made her payments up to and including March 28, 1926, and appellee commenced her action on April 29, 1926, showing a default by appellant in the payment of rent under the terms of the contract. See *Miller* v. *Citizens Building, etc., Assn.* (1912), 50 Ind. App. 132, 98 N. E. 70; 35 C. J. 1038, §181.

It was provided in the contract that, in the event appellant defaulted and the appellee brought suit, the appellant should pay attorney fees.

There was no error in the conclusions of law, nor was there any error in overruling the motion for a new trial.

We hold that the court had jurisdiction in the case, and the judgment is affirmed.