## HUNTER v. SMITH.

[No. 14,004. Filed September 8, 1930. Rehearing denied November 13, 1930. Transfer denied June 26, 1931.]

*Albert M. Bristor* and *Harry S. Medlock*, for appellant.
*Charles J. Karabell, Silas Lipman* and *Rae W. Powell,* for appellee.

NICHOLS, J.—Action by appellee against appellant for the recovery of rent alleged to be due appellee. Judgment for $136 was rendered against appellant, from which this appeal. The only error presented is error of the court in overruling appellant's demurrer to the complaint.

It is averred in the complaint, in substance, that, on September 10, 1925, appellee, by a written lease, executed by her and made a part of the complaint, leased to Sadie C. and Harold M. Price the real estate therein described for a term of three years from said date, with the option of extending said lease for a further term of three years, which extension was exercised in accordance with terms of said lease. That, on or about September 10, 1928, said lease was assigned by indorsement in writ-

ing by said lessees, with the written consent of appellee, to appellant; that appellant took possession of said real estate pursuant to said lease on or about said day, and has been in possession thereof ever since; that appellant failed to pay the stipulated rent due and payable in January, February, March and April, 1929, respectively, amounting to $136, which sum is due and unpaid, wherefore, appellee prays judgment.

The instrument sued on is long and we deem it unnecessary to set it out in this opinion. Appellant says that it is written upon a printed form gotten out by the Indianapolis Real Estate Board and labeled "Lease with option to purchase," and further states that, so far as he is able to find, it has never been construed by this court. But evidently appellant failed to find the case of *Bernstein* v. *Rhodes* (1927), *ante* 553, 157 N. E. 463, where, in a special finding of facts, the same form of lease is set out. It was there held, citing and following 35 C. J. 1038, §181, that such contract, which contains all the essentials of a lease, and also a provision for the purchase and sale of the land by the lessee upon compliance with its provisions, does not destroy the lease and prevent the existence of the relationship of landlord and tenant, although the payments made as rent are to be credited upon the purchase price if the option is exercised.

On the authority of that case, we hold that, under the contract sued on, the relation of landlord and tenant existed between appellee and appellant, and that appellant was liable to appellee for rent.

Judgment affirmed.