SCHLEMMER v. SAINE.

[No. 16,107. Filed April 11, 1939.]

*Frank V. Dice* and *Russell J. Wildman,* for appellant.

*Elmer S. Morris,* for appellee.

CURTIS, C. J.—This was an action by the appellee against the appellant for past due rent and for three other items later mentioned claimed to be due as rent under a written lease. The lease agreement also contained a provision that the appellant within a specified

time might become the purchaser of said real estate when her rent payments which included 7% interest plus an additional payment of $200.00 totaled the agreed price fixed for said property in said contract. Taxes and insurance after a certain period named in the contract were also to be paid by the appellant. The $200.00 item and certain taxes and insurance are the "three other items" above mentioned.

The complaint was in one paragraph and was answered in general denial. Upon the issues thus made the cause was submitted to the court for trial without the intervention of a jury, resulting in a finding and judgment in favor of the appellee in the sum of $180.64. In due time the appellant filed a motion for a new trial which was overruled and this appeal was then prayed and perfected. The error assigned by the appellant is the ruling on the motion for a new trial, which contained the causes or grounds that the decision of the court is not sustained by sufficient evidence; is contrary to law; and error in the assessment of the amount of the recovery in that it is too large. The court found against the appellee upon each of the "three items" above mentioned. The appellee has assigned cross-error as to the item of $48.90 for taxes and $11.50 for insurance and asks this court to increase the judgment of the trial court by $60.40, the total amount of said two items.

The evidence is not in dispute. The appellant went into possession of said real estate under said contract and later became greatly delinquent in her payments and then vacated and abandoned the premises turning the key over to the agent for the appellee. There is no dispute as to the amount of the past due rent payments. The judgment was for the amount of the past due rent, due at the time when the appellant abandoned the property. As previously pointed out the court found against

the appellee on the said $200.00 item and also on the taxes and insurance items. The appellee in his brief on cross-errors quotes from the general finding of the trial court as follows: "That the court regards the claim for delinquent taxes and insurance as claim for part of the purchase money which is no longer due since the contract (to purchase) has been rescinded. That the above conclusions are supported by the contract of this plaintiff if viewed in its entirety. It is further supported by the theory advanced by counsel for plaintiff both in oral argument and in briefs supplied to the court, and furthermore the evidence is entirely consistent therein." In so far as concerns the cross-errors we see no good reason to disturb the finding and judgment of the trial court.

The appellant contends that after the property was abandoned by the appellant and possession thereof taken by the appellee that there could then be no recovery for past due rent under the agreement.

The parties had a legal right to make the contract and to have it enforced. Speaking of a contract similar in nature, this court in the case of *Miller* v. *Citizens Building, etc., Assn.* (1912), 50 Ind. App. 132, 135, 98 N. E. 70, said:

> "The contract is one the parties had a right to make and have enforced. While it contains a stipulation whereby appellee, at a time fixed, agreed to sell and convey the land to appellant, yet the latter's right in this regard is made to rest on his full compliance with that part of the contract unmistakably a lease, and which, standing alone, creates the relation of landlord and tenant. With the one exception, the form and language used by the parties are common to all lease contracts, and the legal effect is generally well understood. Therefore, looking at the parties as they appear before us, in connection with their expressed intention, it may be said that their ultimate purpose is plain—one to sell, and the other, ownership of the premises in question. But the agreement to sell was not to be

effective until full performance by the lessee of the conditions imposed on him. In this respect he utterly failed."

The above case was cited with approval and followed in *Bernstein* v. *Rhoades* (1931), 92 Ind. App. 553, 157 N. E. 463. See also: *Hunter* v. *Smith* (1931), 92 Ind. App. 609, 172 N. E. 926; *Hunter* v. *Smith* (1931), 92 Ind. App. 710, 174 N. E. 924, 175 N. E. 896.

In our opinion the trial court reached the correct result in the instant case.

Judgment affirmed.